**PUBLISHED**

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 07-4439

JESUS CHACON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(1:06-cr-545-JCC)

Argued: March 18, 2008

Decided: July 14, 2008

Before KING and DUNCAN, Circuit Judges,
and Jane R. ROTH, Senior Circuit Judge of the United States Court
of Appeals for the Third Circuit, sitting by designation.

---

Affirmed by published opinion. Judge King wrote the opinion, in
which Judge Duncan and Senior Judge Roth joined.

---

## COUNSEL

**ARGUED:** Sapna Mirchandani, OFFICE OF THE FEDERAL PUB-
LIC DEFENDER, Greenbelt, Maryland, for Appellant. Tamara H.
Kassabian, OFFICE OF THE UNITED STATES ATTORNEY, Alex-
andria, Virginia, for Appellee. **ON BRIEF:** Michael S. Nachmanoff,
Federal Public Defender, Meghan S. Skelton, Assistant Federal Public

Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

## OPINION

KING, Circuit Judge:

Defendant Jesus Chacon appeals from his forty-one-month prison sentence, imposed in the Eastern District of Virginia, on convictions for illegal reentry, in violation of 8 U.S.C. § 1326(a), and fraud and misuse of a permanent resident card, in contravention of 18 U.S.C. § 1546. Chacon presents a single challenge to his sentence — that the district court erred in increasing his Sentencing Guidelines base offense level by sixteen levels to account for an earlier conviction for a "crime of violence." *See* USSG § 2L1.2(b)(1)(A). Our sister circuits have taken differing positions on the legal issue presented: whether a sex offense perpetrated in the absence of consent — and which does not have as an element the use, attempted use, or threatened use of physical force — constitutes a "crime of violence" under the Guidelines. With all respect to the contrary views on the issue, we hold that such an offense is a "forcible sex offense" encompassed within the Guidelines definition of a "crime of violence." Accordingly, we affirm Chacon's sentence.

I.

Chacon, a native and citizen of Honduras, unlawfully entered the United States in 2000. Two years later, on December 18, 2002, he was convicted in Maryland state court of second-degree rape, in violation of article 27, section 463 of the Maryland Code (the "Rape Offense"). The criminal information filed against Chacon (the "Information") alleged that, on August 18, 2002, he "did unlawfully commit a rape upon [the victim] in violation of Art. 27, Sec. 463, of the Annotated Code of Maryland." J.A. 40.[1] The Information did not detail the

---

[1]Citations herein to "J.A.___" refer to the contents of the Joint Appendix filed by the parties in this appeal.

specific conduct underlying the Rape Offense, nor did it specify which of the three subparts of article 27, section 463 of the Maryland Code (the "Statute") had been contravened. Chacon pleaded guilty to the Rape Offense and was sentenced to nine years in prison. His sentence was suspended, however, and, on January 30, 2003, he was deported to Honduras.[2]

Chacon unlawfully reentered the United States in approximately November 2006, and soon thereafter sought to use a false permanent resident card, bearing the name "Anibal Caseres-Milton," to gain entry into a building in Crystal City, Virginia. Chacon was apprehended by Immigration and Customs Enforcement ("ICE") agents, who determined his true identity by running his fingerprints through their identification system. The ICE agents also ascertained that Chacon was a convicted felon and had previously been deported. Specifically, they learned that in December 2002 Chacon had been convicted of the Rape Offense, and that he had thereafter been deported to Honduras.

On December 28, 2006, a grand jury in the Eastern District of Virginia returned a two-count indictment charging Chacon with illegal reentry, in violation of 8 U.S.C. § 1326(a), and fraud and misuse of a permanent resident card, in contravention of 18 U.S.C. § 1546(a). On January 10, 2007, Chacon pleaded guilty to both charges, without the benefit of a plea agreement. During the plea hearing, the parties agreed that Chacon had been previously convicted of the Rape Offense.

The Presentence Report ("PSR") computed Chacon's advisory Sentencing Guidelines range, using the 2006 version of the Guidelines, as forty-one to fifty-one months, premised on a total offense level of twenty-one and a criminal history category of II. The PSR arrived at the total offense level by starting with a base offense level of eight and imposing a sixteen-level increase to take account of the Rape Offense, which the PSR classified as a "crime of violence." *See* USSG § 2L1.2(a), (b)(1)(A). The PSR then subtracted three levels to account

---

[2]The Information also charged Chacon with four lesser included offenses, all of which were dismissed after Chacon's conviction on the Rape Offense.

for Chacon's acceptance of responsibility by pleading guilty. *Id.* § 3E1.1.

At sentencing, Chacon objected to the sixteen-level increase recommended by the PSR, contending that the Rape Offense was improperly classified as a "crime of violence." Chacon conceded, however, that the Rape Offense was an "aggravated felony" under section 2L1.2(b)(1)(C), and argued for an increase of only eight levels. The sentencing court overruled Chacon's objection and concluded that the Rape Offense was a "crime of violence" under the Guidelines. In so ruling, the court explained that the Statute defines second-degree rape as vaginal intercourse "by force or threat of force against the will and without the consent of the other person" or "with a person who is . . . mentally incapacitated . . . and the person performing the act knows or reasonably should know that the other person is . . . mentally incapacitated." J.A. 83. Thus, the court, ruling from the bench, concluded that:

> Under either scenario, force or the threat of force upon the victim is necessary to complete the act. Although less physical force may be required, mental incapacitation by the victim does not preclude the use of force and, at a minimum, requires compulsion. *U.S. v. Remoi*, 404 F.3d 789 (3d Cir. 2005). "The sentencing commission did not mean to limit forcible sexual offenses to those involving the application of direct physical force, as opposed to some other type of compulsion." That's the *Remoi* case at page 794. Accordingly, the defendant's conviction for second degree rape constitutes a forcible sexual offense, a crime of violence under Section 2L1.2, and a 16-level enhancement is proper.

J.A. 83-84.

The sentencing court thus calculated Chacon's advisory Sentencing Guidelines range as forty-one to fifty-one months, as recommended in the PSR, and sentenced Chacon to forty-one months in prison on each of his convictions, to run concurrently, followed by a three-year term of supervised release. Chacon filed a timely notice of appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

The Supreme Court has recently held that "courts of appeals must review all sentences — [including those] inside . . . the Guidelines range — under a deferential abuse-of-discretion standard." *See Gall v. United States*, 128 S. Ct. 586, 590, 169 L. Ed. 2d 445 (2007). The first step in this review requires us to "ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range." *Id.* at 597. In assessing whether a sentencing court properly applied the Guidelines, we review the court's "factual findings for clear error and its legal conclusions de novo." *United States v. Allen*, 446 F.3d 522, 527 (4th Cir. 2006). We thus review de novo the sentencing court's imposition of a sixteen-level increase to Chacon's offense level "because it involves [the] interpretation of a statute and . . . presents a question of law." *United States v. Campbell*, 94 F.3d 125, 127 (4th Cir. 1996).

## III.

By this appeal, Chacon presents our court with an issue of first impression: whether a sex offense perpetrated in the absence of consent — and which does not have as an element the use, attempted use, or threatened use of physical force — constitutes a "crime of violence" under the Guidelines. Pursuant to section 2L1.2, a defendant convicted of illegal reentry under 8 U.S.C. § 1326(a) is subject to a sixteen-level increase if he was previously deported after committing a "crime of violence." USSG § 2L1.2(b)(1)(A)(ii). The relevant application note to section 2L1.2 explains that the definition of a "crime of violence" includes the following crimes:

> murder, manslaughter, kidnaping aggravated assault, *forcible sex offenses*, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, *or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another*.

USSG § 2L1.2 cmt. n.1(B)(iii) (emphasis added). Thus, under the Guidelines, the Rape Offense is a crime of violence if it: (1) consti-

tutes a forcible sex offense; (2) has as an element "the use, attempted use, or threatened use of physical force against" another person; or (3) otherwise falls within the "crime of violence" definition.

In pursuing this appeal, Chacon contends that the Rape Offense is not a "crime of violence," because it is not a "forcible sex offense" and not every violation of the Statute has as an element the use or attempted use of force. The Government asserts, on the other hand, that although a second-degree rape may be committed in Maryland without the use of physical force, a "forcible sex offense" need not, under the Guidelines, have as an element the use, attempted use, or threatened use of physical force. Thus, it contends that the Rape Offense constitutes a "forcible sex offense," and that, as such, the district court was correct to deem it a "crime of violence" under section 2L1.2.

## A.

In resolving an issue such as that presented here, we have utilized what is known as the "categorical approach," taking into account only the generic definition of the underlying offense and the fact of conviction. *See Begay v. United States*, __ S. Ct. __, 2008 WL 1733270 (April 16, 2008)(concluding, under categorical approach, that "we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion"); *Taylor v. United States*, 495 U.S. 575, 588-90 (1990) (concluding courts must look only to the statutory definitions of the prior offenses rather than particular underlying facts); *United States v. Pierce*, 278 F.3d 282, 286 (4th Cir. 2002) (same).[3] Utilizing the categorical approach here, the Rape Offense constitutes a "crime of violence" if the full range of conduct covered by the Statute falls within the scope of the

---

[3]Although irrelevant to our analysis in this case under the categorical approach, the PSR related the following about the Rape Offense. Chacon went to a bar with the female victim and others. There, the victim became intoxicated and ill. Chacon helped the victim home, where he expressed a desire to have sex with her. When she refused, he removed her clothes and proceeded anyway. The victim, being incapacitated, was unable to resist his advances.

Guidelines provision. *See United States v. Diaz-Ibarra*, 522 F.3d 343, 352 (4th Cir. 2008) (concluding that categorical approach requires consideration of "full range of conduct covered by statutory language, including the most innocent conduct proscribed by the statute").[4]

B.

Analyzing Chacon's appellate challenge to his sentence under the categorical approach, we begin with the language of the Statute itself. Under the Statute, a second-degree rape offense can be committed in Maryland in three contexts — that is, if a person engages in vaginal intercourse with another:

1.  By force or threat of force against the will and without the consent of the other person; *or*

2.  Who is mentally defective, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally defective, mentally incapacitated, or physically helpless; *or*

3.  Who is under 14 years of age and the person performing the act is at least four years older than the victim.

Md. Code Ann. art. 27 § 463 (emphasis added).[5] The Information charging the Rape Offense failed to specify which of the three subparts of the Statute Chacon had violated, and it also did not specify any details of the offense conduct. Instead, it simply alleged that Chacon "did unlawfully commit a rape upon [the victim]" in violation of the Statute. J.A. 40. In order to determine whether the Rape Offense constitutes a "crime of violence" under section 2L1.2 of the Guidelines, we must assess each of the three subparts of the Statute and decide whether they constitute "forcible sex offense[s];" whether they

---

[4]The fact of Chacon's underlying conviction is established by his stipulation to his Rape Offense conviction.

[5]The Statute was repealed in 2002, and a copy is included in the Joint Appendix. *See* J.A. 44.

have as an element the use, attempted use, or threatened use of physical force against the person of another; or whether they might otherwise constitute a "crime of violence." We begin with the first aspect of that analysis — whether the subparts of the Statute have as an element the use, attempted use, or threatened use of physical force.

1.

As explained above, the Maryland offense of second-degree rape is committed if a defendant has engaged in sexual intercourse with another: (1) by force or threat of force; or (2) who is mentally defective, mentally incapacitated, or physically helpless, and the defendant knows or should reasonably know of such disability; or (3) with a person who is under 14 years of age and the defendant is at least four years older than the victim. A violation of the Statute's first subpart plainly constitutes a crime of violence since it has as an element the use or threat of force. Similarly, the third subpart is a crime of violence because the Guidelines definition categorically includes the offense of statutory rape. The second subpart of the Statute (the "Second Subpart") presents a more difficult question, however, which we must assess further.

Under the Second Subpart, a defendant has contravened the Statute by engaging in nonconsensual sex with a person "who is mentally defective, mentally incapacitated, or physically helpless," and the defendant "knows or should reasonably know the other person is mentally defective, mentally incapacitated, or physically helpless." Md. Code Ann. art. 27 § 463. Common sense dictates, of course, that any nonconsensual sexual contact is forcible because, if actual physical force is unnecessary, some degree of compulsion is nevertheless required to overcome an unwilling victim or take advantage of a helpless and incapacitated one. Although such compulsion is forcible in the broader sense, the Second Subpart does not have, as contemplated by the Guidelines, an element of the "use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2 cmt. n.1(B)(iii).

As noted above, in the process of resolving this issue, we are obligated to assess the Statute as a whole. *See United States v. Diaz-Ibarra*, 522 F.3d 343, 352 (4th Cir. 2008). In so doing, we recognize

that the Second Subpart can be violated without the use or threat of physical force. Thus, the prosecution is unable to show that the Rape Offense is the type of "crime of violence" under the Guidelines that includes "any . . . offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2 cmt. n.1(B)(iii). As a result, we must examine the Government's contention that the proper interpretation of the term "forcible sex offense" renders the Rape Offense a "crime of violence" within the meaning of section 2L1.2.

2.

a.

The issue of whether a sexual offense perpetrated without consent constitutes a "forcible sex offense" (and thus a "crime of violence" under the Guidelines) is one of first impression in our circuit, and the other circuits to have addressed the question appear to be split on its resolution. For example, at least two circuits have recognized a distinction between a sexual offense that results from force and a sexual offense that is committed in the absence of consent. *See United States v. Gomez-Gomez*, 493 F.3d 562, 567 (5th Cir. 2007) (concluding that an act against the will of the victim is not a forcible sex offense unless there is also force or threat of force); *United States v. Sarmiento-Funes*, 374 F.3d 336, 344-45 (5th Cir. 2004) (ruling that nonconsensual intercourse is not "forcible" for Guidelines purposes); *United States v. Beltran-Munguia*, 489 F.3d 1042, 1051 (9th Cir. 2007) (ruling that "forcible sex offense" requires use of force that is "violent in nature," and concluding that statute criminalizing nonconsensual intercourse does not categorically constitute forcible sex offense); *but see United States v. Bolanos-Hernandez*, 492 F.3d 1140, 1145 (9th Cir. 2007) (concluding that requiring forcible sex offense "to contain the same level of force required to qualify a crime under the catch-all provision would . . . render[ ] the enumeration superfluous").

In contrast, at least two other circuits have addressed this question and reached the contrary conclusion — that a sex offense perpetrated without consent constitutes a "forcible sex offense" without requiring the element of physical force. The position we adopt — that the Maryland offense of second-degree rape, which criminalizes noncon-

sensual sex absent the element of physical force, is nevertheless a "forcible sex offense" — is consistent with this latter group of circuits. *See United States v. Romero-Hernandez*, 505 F.3d 1082, 1089 (10th Cir. 2007) (addressing whether nonconsensual sexual contact constitutes forcible sex offense, and concluding that "[w]hen an offense involves sexual contact with another person, it is necessarily forcible when that person does not consent"); *United States v. Remoi*, 404 F.3d 789, 796 (3d Cir. 2005) (concluding that "one can commit a 'forcible sexual offense' . . . without employing physical force").[6] As explained below, we conclude that, under the Statute, the Rape Offense is a "forcible sex offense," and thus a "crime of violence" under section 2L1.2.

b.

The term "forcible sex offense" is not defined in the Guidelines and thus must be accorded its ordinary, contemporary meaning. *See Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning."); *United States v. Lehman*, 225 F.3d 426, 428 (4th Cir. 2000) (same). There is no dispute in this case that the Rape Offense is a sex offense. Thus, we are left only to ascertain the meaning of the term "forcible," which has generally been defined as "[e]ffected by force or threat of force against opposition or resistance." *See Black's Law Dictionary* 674 (8th ed. 2004). *Black's Law Dictionary* further explains the term "forcible" as follows:

> [In the law of trespass, the] term "forcible" is used in a wide and somewhat unnatural sense to include any act of physical interference with the person or property of another. To lay one's finger on another person without lawful justification

---

[6]In the *Remoi* case, on which the district court relied, the Third Circuit applied the 2002 version of the Guidelines, which contains an earlier definition of "crime of violence." *Remoi*, 404 F.3d at 792; *see also Sarmiento-Funes*, 374 F.3d at 338-39 (also applying 2002 version of Guidelines). There are no material distinctions in the definitions for our purposes, however, as both provide that a crime of violence can be either a "forcible sex offense" or an offense that has as an element the use or attempted use of physical force.

> is as much a forcible injury in the eye of the law, and there-
> fore a trespass, as to beat him with a stick.

*Id.* at 674. The term "force" is defined in *Black's Law Dictionary* as "[p]ower, violence, or pressure directed against a person or thing." *Id.* at 673.[7] "Power," in turn, is defined as "[d]ominance, control, or influence." *Id.* at 1207. These definitions are helpful in our analysis, and support the proposition that a "forcible sex offense" may be accomplished in the absence of physical force. This is so because, although the use of force necessarily involves a degree of compulsion, it can be effected through "power" or "pressure," which do not necessarily have physical components. *See United States v. Romero-Hernandez*, 505 F.3d 1082, 1088 (10th Cir. 2007) (examining dictionary definitions and concluding that "[t]hese definitions omit any reference to physical power, pressure, dominance, or control").

The conclusion that a "forcible sex offense" can be accomplished by a degree of compulsion that does not constitute the use of physical force is also supported by the balance of the Guidelines definition of a "crime of violence." For example, a sexual offense is a "crime of violence" if it falls either within the definition of a "forcible sex offense," or within the catch-all provision of the definition — an offense that "has as an element the use, attempted use, or threatened use of *physical* force against the person of another." USSG § 2L1.2 cmt. n.1(B)(iii) (emphasis added). Had the Sentencing Commission intended for all "forcible sex offenses" to involve the use of physical force, it knew how to make its intention clear — by modifying the word "forcible" with the word "physical," as it did elsewhere in its definition of a crime of violence. *See Romero-Hernandez*, 505 F.3d at 1088 (concluding that Commission's omission of "physical" modifier from term "forcible sex offense" shows that "forcible" means more than physical compulsion). Furthermore, the fact that the Com-

---

[7]The term "forcible" is similarly defined by *Webster's Dictionary* as "effected by force used against opposition or resistance: obtained by compulsion or violence." *Webster's New International Dictionary* 888 (3d ed. 2002). *Webster's* defines "force," in turn, as, inter alia, "power, violence, compulsion, or constraint exerted upon or against a person or thing," and "strength or power of any degree that is exercised without justification or contrary to law upon a person or thing." *Id.* at 887.

mission used the term "physical force" elsewhere in its "crime of violence" definition buttresses the proposition that it does not, in this setting, deem "force" to necessarily include, or require, some *physical* compulsion.

Our ruling on the meaning of a "forcible sex offense" is also supported by the fact that there are other offenses identified in the Guidelines definition of a "crime of violence" that do not have physical force as an element. *See* USSG § 2L1.2 cmt. n.1(B)(iii) (providing that offenses such as statutory rape and sexual abuse of minor constitute crimes of violence). For example, the offense of statutory rape does not have physical force as an element, and such an offense can be committed by a defendant who simply engages in sexual activity with a minor. *See, e.g.*, Md. Code. Ann. art. 27 § 463(3) (criminalizing intercourse with victim under 14 years of age by defendant at least four years older than victim). Accordingly, it is not unreasonable to conclude that a second-degree rape — accomplished by taking advantage of someone who is physically helpless or incapacitated — would also readily constitute a "crime of violence." *See Romero-Hernandez*, 505 F.3d at 1088 (concluding that "forcible" must mean more than physical compulsion, because "there are other enumerated offenses that do not necessarily involve physical compulsion, permitting an inference that physical compulsion is not necessary for a crime to be a crime of violence generally"). In sum, although the Second Subpart of the Statute does not have as an element the use or attempted use of physical force, it nevertheless constitutes a "forcible sex offense," and is thus a "crime of violence" for the purposes of section 2L1.2.

Having assessed the Statute as a whole, as we must, we are satisfied that any violation thereof constitutes a "crime of violence" under the Guidelines. In these circumstances, the sentencing court correctly applied the sixteen-level increase provided by section 2L1.2 to its calculation of Chacon's Sentencing Guidelines range.

IV.

Pursuant to the foregoing, we reject Chacon's contention of error and affirm the district court.

*AFFIRMED*