**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4249**

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　v.

MICHAEL KENTA DAVIS,

　　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.　James C. Dever III, District Judge.　(7:07-cr-00086-1)

Submitted:　November 19, 2008　　Decided:　December 12, 2008

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.　George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Kenta Davis appeals the 300-month sentence the district court imposed after he pled guilty to possession with intent to distribute more than 50 grams of cocaine base, on or about April 30, 2007, in violation of 21 U.S.C. § 841(a)(1) (2006). Davis argues that the district court erred in sentencing him as a career offender pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1. The enhancement was based, in part, upon two convictions that Davis received in 2006: (1) a conviction in Maryland state court for possession with intent to distribute marijuana, for which Davis failed to appear for sentencing, resulting in issuance of a bench warrant for his arrest; and (2) a conviction in South Carolina state court for possession with intent to distribute marijuana, for which he was sentenced to three years' imprisonment, all of which was suspended, and 30 months' probation. He contends that the convictions in 2006 did not disrupt his ongoing criminal conduct because he was never imprisoned for them, and because he was never sentenced for the conviction in Maryland and could still move to withdraw his guilty plea prior to sentencing. Accordingly, he avers the state convictions did not constitute prior convictions under the Guidelines but rather relevant conduct associated with his federal offense.

2

In assessing whether a district court properly applied the Guidelines, we review the lower court's factual findings for clear error and its legal conclusions de novo. United States v. Chacon, 533 F.3d 250, 253 (4th Cir. 2008). The provisions of USSG § 4A1.2 are applicable to the counting of prior convictions for career offender purposes. USSG § 4B1.1 cmt. n.3. "The term 'prior sentence' means *any sentence* previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." USSG § 4A1.2(a)(1) (emphasis added). The term "sentence of imprisonment" is separately defined in USSG § 4A1.2(b).

Conduct is part of the instant offense if it is relevant conduct under guideline section 1B1.3. See USSG § 4A1.2(a)(1) cmt. n.1. Under guideline section 1B1.3(a)(2), relevant conduct includes acts that were part of the "same course of conduct or common scheme or plan" as the offense of conviction when the offenses are the type which would be grouped under § 3D1.2(d). However, as noted by Application Note 8 to USSG § 1B1.3, "offense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction." When a defendant has been convicted of an offense, but not yet sentenced, the

3

conviction shall be countable if a sentence resulting from that conviction otherwise would be countable. <u>See</u> USSG § 4A1.2(a)(4). A defendant is "convicted of an offense" under this provision when guilt has been established, whether by guilty plea, trial, or plea of nolo contendere. <u>Id.</u>

We hold that the district court did not err in sentencing Davis as a career offender based upon his prior convictions in 2006. The guidelines do not require that a "sentence of imprisonment" be imposed in order for a prior conviction to be counted as part of a defendant's criminal history. An offense for which a defendant has been convicted, by guilty plea or otherwise, but not yet sentenced, may nonetheless be counted for purposes of determining the defendant's criminal history. The guidelines do not indicate that counting a prior conviction resulting from a guilty plea can be impacted by the possibility of withdrawing the plea. Moreover, we note that the state offenses at issue each occurred in different states from each other and from the federal offense, and were separated in time from the federal offense by eleven months and eighteen months, respectively. Accordingly, the district court properly viewed the state offenses as prior offenses rather than relevant conduct associated with the federal offense.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>