**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4257**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DAVID OTERO-CAMPOS,

        Defendant – Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L.
Voorhees, District Judge.  (5:08-cr-00027-RLV-DCK-3)

───────────

Submitted: March 30, 2011        Decided: April 19, 2011

───────────

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Claire J. Rauscher, Executive Director, FEDERAL DEFENDERS OF
WESTERN NORTH CAROLINA, INC., Ross H. Richardson, Assistant
Federal Defender, Charlotte, North Carolina, for Appellant.
Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Otero-Campos appeals his conviction and 151-month sentence after pleading guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006), and one count of possession with intent to distribute cocaine and aiding and abetting, in violation of 18 U.S.C. § 2 (2006), 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (2006). Otero-Campos's sole assertion on appeal is that the district court violated his due process rights when it enhanced his sentence based on evidence he asserts lacked sufficient indicia of reliability. Finding no error, we affirm.

This court reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Chacon, 533 F.3d 250, 253 (4th Cir. 2008). The deferential "clear error" standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

"District courts traditionally have been given wide latitude as to the information they may consider in passing sentence after a conviction." United States v. Nichols, 438 F.3d 437, 439 (4th Cir. 2006) (internal quotation marks

omitted). "That is because it is highly relevant — if not essential — to the selection of an appropriate sentence for the sentencing court to possess the fullest information possible concerning the defendant's life and characteristics." Id. at 440 (internal quotation marks and alterations omitted).

Thus, a sentencing court may consider any relevant information "without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability . . . " U.S. Sentencing Guidelines Manual ("USSG") § 6A1.3(a) (2008). See United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010) ("[A] sentencing court may give weight to any relevant information before it, including uncorroborated hearsay. . . ."); see also United States v. Paulino, 996 F.2d 1541, 1547 (3d Cir. 1993) ("[A] sentencing judge may consider information, largely unlimited as to kind or source, that would be inadmissible at trial.") (internal quotation marks omitted).

There are constitutional limitations on the information a district court may consider, however. For instance, this court has "construed various Supreme Court decisions as recognizing a due process right to be sentenced only on information which is accurate." Nichols, 438 F.3d at 440 (internal quotation marks and brackets omitted). Thus, the Guidelines explicitly suggest that information relied upon at

3

sentencing should have "sufficient indicia of reliability to support its probable accuracy."  USSG § 6A1.3(a).  We have reviewed the district court record and conclude that the information relied upon by the district court possessed sufficient indicia of reliability to support its probable accuracy.  We thus conclude that the district court did not err when it calculated Otero-Campos's Guidelines range.

Based on the foregoing, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4