**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4578**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

LENNOX BUCKLEY, a/k/a Jamaica Man, a/k/a Jamaic, a/k/a J.,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.   Irene M. Keeley,
District Judge.  (1:12-cr-00023-IMK-JKS-1)

_____

Submitted:  December 21, 2012      Decided:  December 31, 2012

_____

Before GREGORY, DUNCAN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West
Virginia, for Appellant.   William J. Ihlenfeld, II, United
States Attorney, Andrew R. Cogar, Assistant United States
Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lennox Buckley appeals the forty-six-month sentence imposed upon him after he pled guilty to unlawful reentry into the United States after having been previously deported because he had been convicted of a felony, in violation of 8 U.S.C. § 1326(a), (b) (2006). Buckley's sole contention on appeal is that the district court erred in enhancing his sentence under U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A) (2012) by construing Buckley's 1992 Pennsylvania conviction for indecent assault as a "crime of violence" as defined in § 2L1.2(b)(1)(A).

Whether the district court erred in characterizing a defendant's crime as a "crime of violence" under the Guidelines is a question of law that is reviewed de novo. United States v. Gomez, 690 F.3d 194, 197 (4th Cir. 2012). For defendants like Buckley, who reentered the United States after having previously been deported, USSG § 2L1.2(b)(1)(A)(ii) adds an enhancement to the defendant's base offense level if he has previously been convicted of any felony "crime of violence." Id.; United States v. Bonilla, 687 F.3d 188, 190 (4th Cir. 2012). The application notes define "crime of violence" as including "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to

2

the conduct is involuntary, incompetent, or coerced)." USSG § 2L1.2, cmt. n.1(B)(iii).

In determining whether any particular prior conviction falls within the Guidelines definition of a "crime of violence," a sentencing court "must normally use a categorical approach . . . , relying only on the fact of conviction and the elements of the offense." United States v. Donnell, 661 F.3d 890, 893 (4th Cir. 2011). In other words, the court's inquiry must determine not whether the defendant's particular conduct underlying the conviction was violent, but whether he was ultimately held legally responsible for the commission of a crime in which violence inheres. See Begay v. United States, 553 U.S. 137, 141 (2008); United States v. Chacon, 533 F.3d 250, 254 (4th Cir. 2008). Because the focus is on the scope of the pertinent statute rather than on the particular conduct in which the defendant engaged, a defendant can be taxed with having committed a crime of violence only if the "full range" of conduct covered by the statute, "including the most innocent conduct proscribed by the statute," falls within the scope of the Guidelines definition. United States v. Diaz-Ibarra, 522 F.3d 343, 352 (4th Cir. 2008); see also Gomez, 690 F.3d at 198-200.

In Buckley's case, the district court applied the § 2L1.2(b)(1)(A) enhancement based on his Pennsylvania

3

conviction of indecent assault under former 18 Pa. Cons. Stat. Ann. § 3126 (West 1990).[*] In our view, none of the arguments advanced by Buckley demonstrate that the version of § 3126 in effect at the time of Buckley's 1992 conviction prohibited any conduct that would not be deemed a "forcible sex offense[ ]" under USSG § 2L1.2, cmt. n.1(B)(iii). See Diaz-Ibarra, 522 F.3d at 352.

As we have explained, a sex offense may be forcible even if the pertinent statute does not require physical force or compulsion. Chacon, 533 F.3d at 257-58; see also United States

---

[*] In 1992, § 3126 provided, in pertinent part, that a defendant is guilty of indecent assault if he has "indecent contact with another not his spouse, or causes such other to have indecent contact with him" and if:

> (1) he does so without the consent of the other person;
> (2) he knows that the other person suffers from a mental disease or defect which renders him or her incapable of appraising the nature of his or her conduct;
> (3) he knows that the other person is unaware that a indecent contact is being committed;
> (4) he has substantially impaired the other person's power to appraise or control his or her conduct by administering or employing, without the knowledge of the other drugs, intoxicants or other means for the purpose of preventing resistance;
> (5) the other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over him; or
> (6) he is over 18 years of age and the other person is under 14 years of age.

18 Pa. Cons. Stat. Ann. § 3126(a) (West 1990); Commonwealth v. Owens, 649 A.2d 129, 137-38 (Pa. Super. Ct. 1994).

4

v. Diaz-Corado, 648 F.3d 290, 293-95 (5th Cir. 2011). Buckley does not dispute that any nonconsensual sex offense is a "forcible" sex offense and therefore a "crime of violence" for § 2L1.2(b)(1)(A) purposes. See USSG § 2L1.2, cmt. n.1(B)(iii); Chacon, 533 F.3d at 256; Diaz-Corado, 648 F.3d at 295. Instead, Buckley argues that the Pennsylvania statute's prohibition of indecent contact with someone who is "unaware" that the conduct is occurring, see § 3126(a)(3), sweeps consensual sexual contact within the statute's ambit.

We disagree. To adopt Buckley's position, we would be required to conclude that a recipient of sexual contact could "consent" to the contact while being entirely unaware of it. Buckley cites no other court in support of either his contortion of the plain meaning of the terms at issue or his suggestion that awareness is not a precondition to consent, and we decline to accept his invitation to be the first.

Nor does our review of the statute under which Buckley was convicted suggest any other reason not to conclude that a conviction under any of its provisions would constitute a forcible sex offense and, consequently, a crime of violence for purposes of USSG § 2L1.2(b)(1)(A). See Chacon, 533 F.3d at 256-58; United States v. Romero-Hernandez, 505 F.3d 1082, 1089 (10th Cir. 2007). The district court therefore properly applied the

5

§ 2L1.2(b)(1)(A) enhancement to Buckley.  See Diaz-Ibarra, 522 F.3d at 352.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED