**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 12-4408

EDUARDO RANGEL-CASTANEDA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Martin K. Reidinger, District Judge.
(1:10-cr-00045-MR-1)

Argued: February 1, 2013

Decided: March 7, 2013

Before WILKINSON and FLOYD, Circuit Judges, and
Joseph R. GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

Reversed and remanded by published opinion. Judge Wilkinson wrote the opinion, in which Judge Floyd and Judge Goodwin joined.

## COUNSEL

**ARGUED:** Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. William Michael Miller, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Henderson Hill, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Charlotte, North Carolina, for Appellee.

## OPINION

WILKINSON, Circuit Judge:

The district court held in this case that defendant Eduardo Rangel-Castaneda's Tennessee statutory rape conviction qualified as a generic "statutory rape" offense and thus constituted a "crime of violence" under the sentencing enhancement established at U.S.S.G. § 2L1.2(b)(1)(A)(ii). This was incorrect.

Employing the "categorical approach" for assessing the applicability of enhancements, as articulated in *Taylor v. United States*, 495 U.S. 575 (1990), we find that the "generic, contemporary meaning" of statutory rape sets the general age of consent at sixteen years old. In so holding, we note the importance of achieving some degree of uniformity in applying the United States Sentencing Guidelines across the nation, particularly with respect to an element as crucial as the age of consent is for the crime of statutory rape. Because Tennessee's statutory rape provision sets the age of consent at eighteen and is therefore significantly broader than the generic offense, we hold that a conviction thereunder does not categorically qualify for the crime-of-violence enhancement.

## I.

The defendant was born in Mexico in 1979. At the age of fifteen, Rangel illegally entered the United States, settling in Tennessee. In 2007, he was deported to Mexico but returned to the United States shortly thereafter. In April 2009, Rangel was convicted in Tennessee state court of "aggravated statutory rape," in violation of Tenn. Code Ann. § 39-13-506(c), for having sexual intercourse with his then-girlfriend, who was sixteen years old and twelve years his junior at the time of the offense. The victim acknowledged that she willingly participated in the sexual relationship and stated that Rangel had believed that she was eighteen. Rangel received a suspended two-year prison sentence. He was subsequently convicted of illegal reentry in federal district court, and he was again deported to Mexico in September 2009.

Once more, Rangel returned to the United States unlawfully, this time settling in North Carolina. In 2010, he was convicted in state court of driving while impaired and failing to register as a sex offender. In July 2010, he was indicted by a federal grand jury in the Western District of North Carolina on one count of illegal reentry by an alien who was removed after an aggravated felony conviction, under 8 U.S.C. § 1326(a) and (b)(2). He pleaded guilty without a plea agreement in June 2011.

At a sentencing hearing in February 2012, the district court held that Rangel's Tennessee statutory rape conviction constituted a "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Based on Rangel's criminal history, the district court therefore applied a sixteen-level sentencing enhancement and found the Guidelines range to be fifty-seven to seventy-one months' imprisonment. The court continued the proceeding for additional argument in light of this enhancement. At the second sentencing hearing, which took place that May, the court granted Rangel a four-level downward departure on the ground that the statutory rape convic-

tion was not as serious as the enhancement would imply, thus yielding a final Guidelines range of thirty-seven to forty-six months' imprisonment. The court sentenced Rangel to forty-two months.

## II.

## A.

The primary issue in this appeal involves the applicability of a sentencing enhancement for a defendant convicted of illegally entering or staying in the country "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). This "crime-of-violence" enhancement can be either twelve or sixteen levels depending on the defendant's criminal history. *Id.* The commentary provides that "crime of violence" means

> any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

*Id.* § 2L1.2 cmt. n.1(B)(iii). As noted, the main question here is whether Rangel's Tennessee conviction qualifies as "statutory rape," and hence a "crime of violence," pursuant to this provision.

In *Taylor v. United States*, the Supreme Court held that where Congress has not indicated how a prior offense enu-

merated in a sentencing enhancement statute is to be interpreted, it should be understood to refer to "the generic, contemporary meaning" of the crime. 495 U.S. 575, 598 (1990) (interpreting "burglary" as used in the Armed Career Criminal Act, 18 U.S.C. § 924(e)). This meaning, the Court made clear, will generally correspond to the "sense in which the term is now used in the criminal codes of most States." *Id.* In construing how an enhancement applies, a sentencing court must compare the elements of the generic offense to "the statutory definition[ ] of the prior offense[ ]." *Id.* at 599-600. If "the defendant was convicted of [the prior offense] in a State where the generic definition has been adopted, with minor variations in terminology, then the [sentencing] court need find only that the state statute corresponds in substance to the generic meaning" of the crime, rendering the enhancement applicable. *Id.* at 599. By contrast, if a defendant "has been convicted under a nongeneric[ ] statute," the conviction does not qualify for the enhancement. *Id.* at 599-600. Specifically, an offense is "categorically overbroad" if "it is evident from the statutory definition of the state crime that some violations of the statute are 'crimes of violence' and others are not." *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008).

This approach, *Taylor* explained, is "formal" and "categorical" because it allows courts to "look[ ] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." 495 U.S. at 600. Resort to such facts is appropriate, however, in "a narrow range of cases" where "all the elements" of the generic offense were required to be found, *id.* at 602—that is, where "the statute is divisible, with some categories constituting a crime of violence and some not constituting a crime of violence," *United States v. Gomez*, 690 F.3d 194, 200 (4th Cir. 2012). This latter mode of analysis, of course, has become known as the "modified categorical approach."

## B.

Rangel was convicted of "aggravated statutory rape" pursuant to Tenn. Code Ann. § 39-13-506(c), which provides that

> [a]ggravated statutory rape is the unlawful sexual penetration of a victim by the defendant, or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least ten (10) years older than the victim.

The parties agree that the categorical approach controls this case. They disagree quite strenuously, however, about whether Rangel's conviction comports with the generic definition of "statutory rape" as that term is used in the crime-of-violence enhancement. On this question, the district court held that

> under 2L1.2, it specifically enumerates statutory rape as a crime that constitutes a crime of violence, and, therefore, applying the ordinary, contemporary, common meaning of that term, the conviction of the defendant falls within that term. Even though there may be differences from jurisdiction to jurisdiction as to the particular age of consent, the crime that is committed by committing statutory rape is one that can be discerned using the ordinary, contemporary, and common meaning of that term, and therefore, the Application Note 1(B)(iii) of 2L1.2 can be applied.

The government argues, first, that the generic definition of statutory rape requires sexual intercourse with a person younger than eighteen. Because the Tennessee statute sets the age of consent at eighteen, the government contends that the state offense meets the generic definition and is consequently not overbroad under *Taylor*. In the alternative, the government argues that even if the default age of consent is sixteen (as the

defendant contends), the generic offense also encompasses statutes that increase the age of consent in conjunction with an element that the perpetrator be some minimum age or a certain number of years older than the victim. The government asserts that because the Tennessee statute includes such an age-difference element, it easily satisfies this formulation —particularly the aggravated statutory rape provision under which Rangel was convicted, which requires a gap of at least ten years. For the reasons that follow, however, we cannot accept these arguments.

III.

Our analysis focuses on the particular crime at issue in this case—statutory rape. Tennessee's statutory rape provision sets the age of consent at eighteen, and the defendant argues that the generic offense sets it at sixteen. Although we recognize that a particular state offense can fall within the generic formulation of a crime despite "minor variations in terminology" between the two, *Taylor v. United States*, 495 U.S. 575, 599 (1990), the disparity between the predicate state crime and the defendant's contended generic offense here simply cannot be considered insignificant.

Because the age of consent is central to the conception of statutory rape in every jurisdiction across the country and because the contrast between age sixteen and age eighteen is highly consequential, the divergence engenders dramatically different crimes. In other words, conduct that is perfectly legal for some people could subject many others in neighboring states to years upon years in federal prison. This, of course, is the sort of unjust and "odd result[ ]" that *Taylor* intended to preclude by holding that enhancement predicates "must have some uniform definition independent of the labels employed by the various States' criminal codes." *Id.* at 591-92.

We thus find it significant that, in defining what in common parlance constitutes statutory rape, a robust majority of American jurisdictions—the federal government, thirty-two states, and the District of Columbia—has set the general age of consent precisely at sixteen years old.[1] *See* 18 U.S.C. § 2243(a); Ala. Code §§ 13A-6-62, -70; Alaska Stat. § 11.41.438; Ark. Code Ann. § 5-14-127; Conn. Gen. Stat. § 53a-71; D.C. Code §§ 22-3001, -3009; Ga. Code Ann. § 16-6-3; Haw. Rev. Stat. § 707-730; Ind. Code § 35-42-4-9; Iowa Code § 709.4; Kan. Stat. Ann. §§ 21-5506, -5507; Ky. Rev. Stat. Ann. §§ 510.020, .060; Me. Rev. Stat. tit. 17-A, § 254; Md. Code Ann., Crim. Law §§ 3-307, -308; Mass. Gen. Laws ch. 265, § 23; Mich. Comp. Laws § 750.520d; Minn. Stat. § 609.344; Miss. Code Ann. §§ 97-3-65, -95; Mont. Code Ann. § 45-5-501; Neb. Rev. Stat. § 28-319; Nev. Rev. Stat. § 200.364; N.H. Rev. Stat. Ann. § 632-A:3; N.J. Stat. Ann. § 2C:14-2; N.M. Stat. Ann. § 30-9-11; N.C. Gen. Stat. § 14-27.7A; Ohio Rev. Code Ann. § 2907.04; Okla. Stat. tit. 21, § 1111; 18 Pa. Cons. Stat. §§ 3122.1, 3125; R.I. Gen. Laws § 11-37-6; S.C. Code Ann. § 16-3-655; S.D. Codified Laws §§ 22-22-1, -7; Vt. Stat. Ann. tit. 13, § 3252; Wash. Rev. Code § 9A.44.079; W. Va. Code §§ 61-8B-2, -5. Only eleven states set the general age of consent at eighteen.[2] Bolstering

---

[1]In discussing the *general* age of consent here and elsewhere, we do not address state code provisions establishing a higher age of consent in *specific* factual circumstances, such as where defendants are in positions of authority over their victims. *See, e.g.*, N.J. Stat. Ann. § 2C:14-2(c)(3) ("An actor is guilty of sexual assault if he commits an act of sexual penetration with another person [and] [t]he victim is at least 16 but less than 18 years old and: (a) The actor is related to the victim by blood or affinity to the third degree; or (b) The actor has supervisory or disciplinary power of any nature or in any capacity over the victim; or (3) The actor is a resource family parent, a guardian, or stands in loco parentis within the household.").

[2]*See* Ariz. Rev. Stat. Ann. § 13-1405; Cal. Penal Code § 261.5; Del. Code Ann. tit. 11, § 770; Fla. Stat. § 794.05; Idaho Code Ann. § 18-6101; N.D. Cent. Code § 12.1-20-05; Or. Rev. Stat. § 163.315; Tenn. Code Ann. § 39-13-506; Utah Code Ann. § 76-5-401.2; Va. Code Ann. § 18.2-371;

this consensus, both the Model Penal Code and *Black's Law Dictionary* recognize sixteen as the default age of consent. *See* Model Penal Code § 213.3(1)(a); *Black's Law Dictionary* 70, 1374 (9th ed. 2009) (defining "statutory rape" as "[u]nlawful sexual intercourse with a person under the age of consent (as defined by statute)" and defining "age of consent" as "[t]he age, usu. defined by statute as 16 years, at which a person is legally capable of agreeing to . . . sexual intercourse").

Based on this broad consensus, we conclude that the general age of consent for purposes of the "generic, contemporary meaning" of the term "statutory rape" in U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) is sixteen. This holding comports with that of the Ninth Circuit, which has squarely and definitively ruled on the issue. *See United States v. Rodriguez-Guzman*, 506 F.3d 738, 745-46 (9th Cir. 2007) (finding the age of consent for generic statutory rape to be sixteen after conducting a thoroughgoing categorical analysis).

To be sure, the government appears correct in arguing that, in at least some factual circumstances, "[m]ost states and the Model Penal Code require proof of an additional element establishing a minimum age for defendants or requiring a particular age differential between the defendant and victim" or provide certain exceptions from prosecution based on such factors.[3] This datum, however, is of no moment in this case

Wis. Stat. Ann. § 948.09. The general age of consent is seventeen in the remaining seven states. *See* Colo. Rev. Stat. § 18-3-402; 720 Ill. Comp. Stat. 5/11-1.50; La. Rev. Stat. Ann. § 14:80; Mo. Rev. Stat. § 566.034; N.Y. Penal Law §§ 130.05, .25; Tex. Penal Code Ann. § 22.011; Wyo. Stat. Ann. § 6-2-316.

[3]*See* Ala. Code § 13A-6-62; Alaska Stat. § 11.41.438; Ark. Code Ann. § 5-14-127; Colo. Rev. Stat. § 18-3-402; Conn. Gen. Stat. § 53a-71; Del. Code Ann. tit. 11, § 770; D.C. Code § 22-3009; Fla. Stat. § 794.05; Haw. Rev. Stat. § 707-730; 720 Ill. Comp. Stat. 5/11–1.50; Ind. Code § 35-42-4-9; Iowa Code § 709.4; Ky. Rev. Stat. Ann. § 510.060; La. Rev. Stat.

because in all thirty-four of the jurisdictions that set the general age of consent at sixteen, that age *never* increases, regardless of how old the defendant may be. The clear majority of states on which we rest our ruling thus remains intact. At some point, this court may be required to decide whether the generic definition of statutory rape includes an additional element pertaining to the defendant's age. This case, however, does not compel us to resolve that question, and we therefore reserve it for another day.

Having thus determined the general age of consent for the generic definition of statutory rape to be sixteen, it is clear that Tennessee's provision is overbroad under *Taylor*. Because the age of consent established by that statute is eighteen, it "is overly inclusive, exceeding the common and accepted definition of statutory rape, and so cannot be categorically applied to enhance a sentence under § 2L1.2(b)(1)(A)(ii)." *Rodriguez-Guzman*, 506 F.3d at 740.

We in no way suggest that a simple strategy of "counting noses" will control the outcome of the categorical approach in all cases for all crimes. Our federal system allows the various states to define offenses as they see fit, unencumbered by overly stringent federal sentencing standards. That is precisely why "minor variations in terminology" must be respected. *Taylor*, 495 U.S. at 599. Accordingly, Tennessee retains the

---

Ann. § 14:80; Me. Rev. Stat. tit. 17-A, § 254; Md. Code Ann., Crim. Law §§ 3-307, -308; Minn. Stat. § 609.344; Miss. Code Ann. §§ 97-3-65, -95; Mo. Rev. Stat. § 566.034; Neb. Rev. Stat. § 28-319; Nev. Rev. Stat. § 200.364; N.H. Rev. Stat. Ann. § 632-A:3; N.J. Stat. Ann. § 2C:14-2; N.M. Stat. Ann. § 30-9-11; N.Y. Penal Law § 130.25; N.C. Gen. Stat. § 14-27.7A; Ohio Rev. Code Ann. § 2907.04; Okla. Stat. tit. 21, § 1112; 18 Pa. Cons. Stat. §§ 3122.1, 3125; R.I. Gen. Laws § 11-37-6; S.C. Code Ann. § 16-3-655; S.D. Codified Laws §§ 22-22-1, -7; Tenn. Code Ann. § 39-13-506; Tex. Penal Code Ann. § 22.011; Utah Code Ann. § 76-5-401.2; Vt. Stat. Ann. tit. 13, § 3252; Va. Code Ann. § 18.2-371; Wash. Rev. Code § 9A.44.079; W. Va. Code § 61-8B-5; Wyo. Stat. Ann. § 6-2-316; Model Penal Code § 213.3(1)(a).

ability to define the state crime of statutory rape in the manner it desires. And yet, when it comes to the common meaning of that offense for federal sentencing enhancement purposes, the gap between an age of consent of sixteen versus eighteen is simply too consequential to disregard, and the majority of states adopting the former age is too extensive to reject. Because of the competing concern for uniformity among sentences imposed by federal courts across the nation, we must accept this broad consensus as stating the generic definition of statutory rape. *See United States v. Wilson*, 951 F.2d 586, 590 (4th Cir. 1991) (explaining that while "the categorical approach furthers the important values of comity and federalism," it also "promotes the Guidelines' goal of uniformity in sentencing").

It may be that, although a consensus-based analysis ultimately aids the defendant in the case at bar, the approach can cut both ways. To wit, if the majority of states subscribes to a broad definition of an offense enumerated in a federal sentencing enhancement, a defendant convicted in one of those jurisdictions might not be able to avoid the enhancement by pointing to a minority view defining the offense more narrowly. Be that as it may, our task is to apply the *Taylor* decision in a neutral manner.

## IV.

Our review of Rangel's sentence does not end there, however. The district court also justified applying the crime-of-violence enhancement on the ground that Rangel's statutory rape conviction constituted a "forcible sex offense[ ]," a second predicate crime enumerated in § 2L1.2 cmt. n.1(B)(iii). The court recited the relevant part of that provision nearly verbatim, declaring that the Tennessee statutory rape provision encompasses "a forcible sexual offense that includes one where consent to the conduct is not given or is not legally valid, such as where consent is involuntary or incompetent or coerced." The court concluded that "the State of Tennessee

has determined that the victim's consent is incompetent because of the age difference between the victim and the perpetrator."

Rangel challenges this alternative basis for the crime-of-violence enhancement as well. The government does not attempt to defend the district court's judgment on the ground that Rangel's statutory rape conviction qualified as a forcible sex offense. And for good reason. To begin with, the statutory rape provision in the crime-of-violence enhancement addresses precisely and specifically the situation before us. Moreover, the district court's proffered interpretation of "forcible sex offenses" would, as Rangel contends, "render[ ] superfluous the inclusion of 'statutory rape' as a separate enumerated offense," thereby offending "well-established principles of statutory (and Guidelines) interpretation."

Reading the various portions of the crime-of-violence enhancement in context, it is clear that the Sentencing Commission purposely juxtaposed the neighboring terms "forcible sex offense[ ]" and "statutory rape," with the former intended to connote rape or other qualifying conduct by compulsion and the latter intended to connote rape on account of the victim's age. In *United States v. Chacon*, this court accordingly interpreted the word "forcible" in this provision to mean "[e]ffected by force or threat of force against opposition or resistance" and, in turn, interpreted "force" as denoting "[p]ower, violence, or pressure." 533 F.3d 250, 257 (4th Cir. 2008) (citing *Black's Law Dictionary* 673-74 (8th ed. 2004)). The *Chacon* court thus concluded that "the use of force necessarily involves a degree of compulsion," though it need not be physical in nature. *Id.* It is likewise clear that the Guidelines' reference in describing "forcible sex offenses" to consent that is "not legally valid" by virtue of being "involuntary, incompetent, or coerced" was intended simply to clarify that the requisite compulsion need not be physical in nature. *See* U.S.S.G. app. C, amend. 722, at 302-03.

Here, the fact that Tennessee law renders the consent of a statutory rape victim formally irrelevant does not mean that the offense necessarily requires sexual conduct that is "forcible" in the manner described above—that is, involving actual compulsion. We thus cannot affirm the enhancement on the alternate basis offered by the district court.

V.

The government argues finally that the same sixteen-level crime-of-violence enhancement applies because Rangel's conviction qualifies as "sexual abuse of a minor," yet another predicate offense enumerated in § 2L1.2 cmt. n.1(B)(iii). That argument too fails.

It is tautological to state that "sexual abuse of a minor" requires that the victim be a minor. And while the precise age denoted by the word "minor" may vary depending on the legal context, that age is sixteen for purposes of this enhancement for the very same reasons described previously. That is, a large majority of jurisdictions sets the age at which an individual is legally capable of consenting to sexual relationships at sixteen, as discussed above with respect to statutory rape. It would seem discordant to hold that the same conduct that is deemed consensual for purposes of one qualifying predicate could somehow be deemed criminally abusive for purposes of another predicate. Relying on the general age of consent for the generic definition of statutory rape therefore precludes actions that involve only individuals who are above age sixteen from constituting "sexual abuse of a minor." *See Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152-53 (9th Cir. 2008) (en banc) (interpreting "sexual abuse of a minor" in 8 U.S.C. § 1101(a)(43)(A) to require that the victim be less than sixteen on account, inter alia, of the age of consent for the generic definition of statutory rape), *overruled on other grounds by United States v. Aguila-Montes de Oca*, 655 F.3d 915, 926-28 (9th Cir. 2011) (en banc). We do not attempt to establish a global definition of a "sexual abuse of a minor"

offense. In other words, rather than set out what "sexual abuse of a minor" *can* mean, we simply note one particular thing that it *cannot* mean.

Consequently, because the Tennessee statute under which Rangel was convicted sets the age of consent at eighteen, it is categorically overbroad in this respect as well. *See Rivera-Cuartas v. Holder*, 605 F.3d 699, 702 (9th Cir. 2010) (finding Arizona statutory rape provision, for which the age of consent is eighteen, overbroad with respect to "sexual abuse of a minor" under § 1101(a)(43)(A)).

For the same reasons, the eight-level "aggravated-felony" enhancement articulated at U.S.S.G. § 2L1.2(b)(1)(c), which the district court appears to have referenced in its ruling, cannot serve as an alternative to the crime-of-violence enhancement. Among multiple other offenses that are irrelevant here, an "aggravated felony" can include "sexual abuse of a minor." *See* U.S.S.G. § 2L1.2 cmt. n.3(A) (adopting definition of "aggravated felony" from 8 U.S.C. § 1101(a)(43), which, in turn, includes "sexual abuse of a minor" at § 1101(a)(43)(A)). And while an aggravated felony can also include "rape," 8 U.S.C. § 1101(a)(43)(A), we find that Rangel's conviction cannot be characterized as such on the same grounds that it does not fall within the generic definition of statutory rape or a forcible sex offense.

## VI.

Based on the foregoing analysis, we reverse the judgment of the district court and remand for resentencing. We simply cannot accept the government's attempt to justify imposition of a steep, sixteen-level sentencing enhancement for actions that are entirely lawful in thirty-two states and the District of Columbia, as well as under federal law.

We note that the district court appears to have previously acknowledged that Rangel's Guidelines range likely would

have been fifteen to twenty-one months' imprisonment without the crime-of-violence enhancement, in line with the final pre-sentence report. As of the date of this decision, Rangel has been incarcerated for approximately twenty-two months. We thus urge the district court to proceed on remand as expeditiously as possible.

*REVERSED AND REMANDED*