DENNIS, Circuit Judge,
dissenting:
I respectfully dissent. I do not believe that the district court’s imposition of the “crime of violence” sentencing enhancement was permissible under a proper interpretation of either “statutory rape” or “sexual abuse of a minor” under the sentencing guidelines. See U.S.S.G. § 2L1.2(b)(l)(A)(ii) & cmt. n. l(B)(iii).
I
First, I disagree with the majority’s novel “plain meaning” approach for deriving a generic definition of “statutory rape” and the unprecedented interpretation it adopts. Rather than ascertaining the elements of the generic predicate offense from the relevant contemporary authorities as the Supreme Court has instructed, Taylor v. United States, 495 U.S. 575, 598-99, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); see United States v. Lopez-DeLeon, 513 F.3d 472, 474-75 (5th Cir.2008), it seems to me that the majority instead turns on its head the notion of a reasonably uniform, generic federal definition by making age of consent a variable to be supplied exclusively by state law. The majority asserts that we join “a majority of circuits” in departing from Taylor and applying a dictionary-only approach to ascertaining generic, contemporary meaning. Maj. Op. at 550. Notably, however, the majority fails to cite any case applying such an approach to the “statutory rape” predicate. See id. at 550-51 & nn. 13-15. And no other court has adopted the unprecedented, variable interpretation of that predicate that the majority invents today. The majority’s “plain meaning” approach lacks disciplinary content and cannot help but reduce uniformity and fairness in federal sentencing. It is not this court’s place to overrule Taylors approach to defining generic predicate offenses under the guidelines.
“ ‘The [Sentencing] Guidelines were enacted to bring uniformity and predictability to sentencing.’ ” United States v. Gonzalez-Ramirez, 477 F.3d 310, 313 (5th Cir.2007) (emphasis added) (quoting United States v. Ashburn, 20 F.3d 1336, 1347 (5th Cir.1994)); see also, e.g., Dorsey v. United States, — U.S. -, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012) (refusing to adopt an interpretation that “would seriously undermine basic Federal Sentencing Guidelines objectives such as uniformity”). Interpreting the generic, categorical meaning of “statutory rape” so as accommodate any state law definition seems to me to undermine this goal.[1] I believe that the majority errs in elevating generalized notions of “cooperative federalism” over the concrete need to employ a uniform interpretation of the predicate guidelines offense. See Maj. Op. at 556.[2]
*575 In a persuasive recent opinion by Judge Wilkinson, the Fourth Circuit applied the established Taylor analysis previously applied by the Ninth Circuit and a panel of this court and likewise concluded “that the ‘generic, contemporary meaning’ of statutory rape sets the general age of consent at sixteen years old.” United States v. Rangel-Castaneda, 709 F.3d 373, 375, 2013 WL 829149, at *1 (4th Cir. Mar. 7, 2013); see Lopez-DeLeon, 513 F.3d at 474-75 (“reviewing the Model Penal Code (MPC), treatises, modern state codes, and dictionaries” and “conclud[ing] that the ordinary, contemporary, and common meaning of minor, or ‘age of consent’ for purposes of a statutory rape analysis, is sixteen”); United States v. Rodriguez-Guzman, 506 F.3d 738, 746 (9th Cir.2007) (concluding that “[bjecause [the same California statutory rape law analyzed in Lopez-DeLeon ] establishes eighteen as the age of consent, it is overly inclusive of the generic federal definition of statutory rape”). I agree with the reasoning and holding of Rangel-Castaneda, in which the court explained as follows:
Employing the “categorical approach” for assessing the applicability of enhancements, as articulated in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we find that the “generic, contemporary meaning” of statutory rape sets the general age of consent at sixteen years old. In so holding, we note the importance of achieving some degree of uniformity in applying the United States Sentencing Guidelines across the nation, particularly with respect to an element as crucial as the age of consent is for the crime of statutory rape. Because Tennessee’s statutory rape provision sets the age of consent at eighteen and is therefore significantly broader than the generic offense, we hold that a conviction thereunder does not categorically qualify for the crime-of-violence enhancement.... Because the age of consent is central to the conception of statutory rape in every jurisdiction across the country and because the contrast between age sixteen and age eighteen is highly consequential, the divergence engenders dramatically different crimes. In other words, conduct that is perfectly legal for some people could subject many others in neighboring states to years upon years in federal prison. This, of course, is the sort of unjust and “odd result[]” that Taylor intended to preclude by holding that enhancement predicates “must have some uniform definition independent of the labels employed by the various States’ criminal codes.”
Rangel-Castaneda, 709 F.3d at 374-75, 377, 2013 WL 829149, at *1, 4.
I believe that the Fourth Circuit in Ran-gel-Castaneda applied the correct method to arrive at the appropriate generic definition. Accordingly, I respectfully dissent from the contrary decision of today’s majority to adopt an interpretation of the “statutory rape” predicate that varies state by state, rather than a uniform federal age of consent of sixteen informed by the clear consensus of modern state criminal codes and other contemporary authorities.[3]
*576 II
Second, I do not believe that the crime of violence enhancement may be affirmed under the alternative heading of “sexual abuse of a minor.” As this court noted in Lopez-DeLeon, and as the Fourth Circuit similarly observed in Rangel-Castaneda, the proper focus in a § 2L1.2(b)(l)(A)(ii) “crime of violence” analysis involving a defendant’s prior conviction of a state “[statutory rape law[]” — i.e., a law that “defíne[s] the age below which a person is legally incapable of consenting to sexual activity,” Lopez-DeLeon, 513 F.3d at 474 — is whether it constitutes the enumerated guidelines offense of “statutory rape,” rather than whether it falls within the distinct category of “sexual abuse of a minor.” See id. at 474 n. 2 (“Our determination focuses on the enumerated offense of ‘statutory rape’ rather than ‘sexual abuse of a minor’ because courts have recognized that section § 261.5(c) is California’s codification of its statutory rape statute.”); see also Rangel-Castaneda, 709 F.3d at 377, 2013 WL 829149, at *3 (“Our analysis focuses on the particular crime at issue in this case — statutory rape.”); cf. id. at 380, 2013 WL 829149, at *6 (“The government does not attempt to defend the district court’s judgment on the ground that Rangel’s statutory rape conviction qualified as a forcible sex offense. And for good reason. To begin with, the statutory rape provision in the crime-of-violence enhancement addresses precisely and specifically the situation before us.”).
In Rangel-Castaneda, the government argued that even if the defendant’s prior conviction under a Tennessee statutory rape law did not fall within the generic, contemporary definition of “statutory rape,” nonetheless “the same sixteen-level crime-of-violence enhancement applies because [the] conviction qualifies as ‘sexual abuse of a minor.’ ” Rangel-Castaneda, 709 F.3d at 380, 2013 WL 829149, at *6. I believe the Fourth Circuit correctly rejected that argument:
It is tautological to state that “sexual abuse of a minor” requires that the victim be a minor. And while the precise age denoted by the word “minor” may vary depending on the legal context, that age is sixteen for purposes of this enhancement [because] ... a large majority of jurisdictions sets the age at which an individual is legally capable of consenting to sexual relationships at sixteen, as discussed above with respect to statutory rape. It would seem discordant to hold that the same conduct that is deemed consensual for purposes of one qualifying predicate could somehow be deemed criminally abusive for purposes of another predicate. Relying on the general age of consent for the generic definition of statutory rape therefore precludes actions that involve only individuals who are above age sixteen from constituting “sexual abuse of a minor.” See Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152-53 (9th Cir.2008) (en banc) (interpreting “sexual abuse of a minor” in 8 U.S.C. § 1101(a)(43)(A) to require that the victim be less than sixteen on account, inter.alia, of the age of consent for the generic definition of statutory rape), overruled on other grounds by United States v. Aguila-Montes de Oca, 655 F.3d 915, 926-28 (9th Cir.2011) (en banc). We do not attempt to establish a global definition of a “sexual abuse of a minor” offense. In other words, rather than set out what “sexual abuse of a minor” can mean, we simply note one particular thing that it cannot mean.
Id. Here too, one need not define with certainty the contours of the “sexual abuse *577 of a minor” category to recognize that it cannot include a prior conviction for statutory rape, at least under a non-generic state statute.[4] This view accords with the sound interpretive principle that the guidelines definition of “crime of violence” should not be interpreted so as to render the term “statutory rape” superfluous.[5]
Thus, having concluded that Rodriguez’s conviction does not fall within the generic, contemporary meaning of “statutory rape,” I would also reject the government’s attempt to defend the imposition of the enhancement under the label of “sexual abuse of a minor.”
Ill
Finally, I must express my disagreement with certain dicta in the majority opinion regarding the categorical approach more generally. My colleagues in the majority are apparently “skeptical that” the categorical approach dictated by “Taylor and its progeny lead[s] to reasonable results”; they complain that the Supreme Court’s insistence upon “Mooting the crime-of-violence determination strictly in the elements of the statute alone has required us to perform gymnastics when evaluating when a defendant’s prior conviction constitutes a crime-of-violence under the Guidelines.” Maj. Op. at 559 n. 22; see also id. at 545 n. 2 (asserting that the constraints of “the categorical and modified-categorical approach in its current form” — whereby we analyze and classify the conviction, rather than the underlying facts or allegations, result in “confusion and gymnastics”); but see U.S.S.G. 2L1.2(b)(l)(A)(ii) (premising the sentencing enhancement on “a conviction for a felony that is ... a crime of violence” (emphasis added)). I strongly disagree with this sentiment, and I worry that my colleagues have forgotten that “[ajmong the considerations that led the Taylor court to conclude that a categorical approach to prior convictions was necessary were concerns about the practical difficulties and fairness problems that would arise if courts were permitted to consider the facts behind prior convictions.” See Arguelles-Olivares v. Mukasey, 526 F.3d 171, 184 (5th Cir.2008) (citing Taylor, 495 U.S. *578 at 601, 110 S.Ct. 2143); Larin-Ulloa v. Gonzales, 462 F.3d 456, 463 (5th Cir.2006).
I do not share the majority’s apparent sense of chafing under the constraints that follow from taking seriously these concerns. To the contrary, I believe the rigors of the categorical approach to be both principled and workable. Taylor made clear that a standard approach to classifying past convictions is essential to fair and uniform federal sentencing. Taylor, 495 U.S. at 601-02, 110 S.Ct. 2143; see, e.g., Perez-Gonzalez v. Holder, 667 F.3d 622, 629 (5th Cir.2012) (Jones, C.J., dissenting) (noting “the benefit of ‘lenity’ inhering in the ... categorical approach” and acknowledging that it is appropriate “for the law, guided by the due process clause and the rule of lenity, to give a criminal defendant the benefit of the ... categorical approach for purposes of enhanced sentencing”). Once again, I find myself in agreement with Judge Wilkinson, writing for the Fourth Circuit in Rangel-Castaneda, who observed:
It may be that, although a consensus-based analysis ultimately aids the defendant in the case at bar, the approach can cut both ways. To wit, if the majority of states subscribes to a broad definition of an offense enumerated in a federal sentencing enhancement, a defendant convicted in one of those jurisdictions might not be able to avoid the enhancement by pointing to a minority view defining the offense more narrowly. Be that as it may, our task is to apply the Taylor decision in a neutral manner.
Rangel-Castaneda, 709 F.3d at 379, 2013 WL 829149, at *5. With all due respect to my colleagues, it is not our place to eschew faithful application of the disciplined analysis required by precedent merely because some may become “skeptical” when it produces results favorable to criminal defendants.
IV
For the foregoing reasons, I would vacate Rodriguez’s sentence and remand for resentencing. Because the court today reaches a contrary result, I respectfully dissent.

. See United States v. Rangel-Castaneda, 709 F.3d 373, 374-75, 2013 WL 829149, at *1 (4th Cir. Mar. 7, 2013) ("[W]e note the importance of achieving some degree of uniformity in applying the United States Sentencing Guidelines across the nation, particularly with respect to an element as crucial as the age of consent is for the crime of statutory rape.”); cf. United States v. Shannon, 110 F.3d 382, 386 (7th Cir.1997) ("To make the answer to the question whether felonious sex with a minor is a crime of violence a mechanical function of the laws of the different states would ... undermine the guidelines’ goal of bringing about a reasonable uniformity in federal sentencing; and would treat ‘crime of violence’ as a question of state rather than federal law.”), abrogated on other grounds by Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), as explained in United States v. McDonald, 592 F.3d 808, 813-14 (7th Cir.2010).

. See Rangel-Castaneda, 709 F.3d at 379-80, 2013 WL 829149, at *5 ("Our federal system allows the various states to define offenses as they see fit, unencumbered by overly stringent federal sentencing standards. That is precisely why 'minor variations in terminology’ must *575 be respected. Taylor, 495 U.S. at 599, 110 S.Ct. 2143. Accordingly, [each state] retains the ability to define the state crime of statutory rape in the manner it desires. And yet, when it comes to the common meaning of that offense for federal sentencing enhancement purposes, the gap between an age of consent of sixteen versus eighteen is simply too consequential to disregard, and the majority of states adopting the former age is too extensive to reject. Because of the competing concern for uniformity among sentences imposed by federal courts across the nation, we must accept this broad consensus as stating the generic definition of statutory rape.”).

. See, e.g., Rangel-Castaneda, 709 F.3d at 377-79, 2013 WL 829149, at *4 C‘[I]n defining what in common parlance constitutes statutory rape, a robust majority of American *576 jurisdictions — the federal government, thirty-two states, and the District of Columbia — has set the general age of consent precisely at sixteen years old.” (citing statutes)).

. I do not suggest that "sexual abuse of a minor” categorically excludes convictions under state sex offenses that have as an element an age threshold above sixteen and also additional or aggravating elements aside from the victim's age, such as state laws criminalizing sexual depredation by a parent on a child. See Rangel-Castaneda, 709 F.3d at 377 n. 1, 2013 WL 829149, at *4 n. 1 ("In discussing the general age of consent here and elsewhere, we do not address state code provisions establishing a higher age of consent in specific factual circumstances, such as where defendants are in positions of authority over their victims.”).

. We have repeatedly stated "that the Guidelines are subject to rules of statutory construction and interpretation.” United States v. Dominguez-Alvarado, 695 F.3d 324, 329 (5th Cir.2012); see United States v. Rayo-Valdez, 302 F.3d 314, 318 (5th Cir.2002); United States v. Vickers, 891 F.2d 86, 88 (5th Cir.1989). Thus, “[wjhen interpreting the Guidelines, 'it is necessary to give meaning to all its words and to render none superfluous.’" Dominguez-Alvarado, 695 F.3d at 329 (5th Cir.2012) (quoting Rayo-Valdez, 302 F.3d at 318); see also TRW Inc. v. Andrews, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.’ ” (quoting Duncan v. Walker, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001))). The commentary’s use of the disjunctive underscores the need to construe the listed categories as bearing distinct meanings. See Reiter v. Sonotone Corp., 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) ("Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise[ ] .... ”); accord, e.g., United States v. Canada, 110 F.3d 260, 264 (5th Cir.1997).