WALLACE, Circuit Judge, concurring:
Recently, the Supreme Court expressly reserved “the question whether, in determining a crime’s elements, a sentencing court should take account not only of the relevant statute’s text, but of judicial rulings interpreting it.” Descamps v. United States, — U.S.-, 133 S.Ct. 2276, 2291, 186 L.Ed.2d 438 (2013). As a matter of judicial restraint, we should not declare a principle of law unless we must. Local No. 8-6, Oil, Chem. & Atomic Workers Int’l Union, AFL-CIO v. Missouri, 361 U.S. 363, 367, 80 S.Ct. 391, 4 L.Ed.2d 373 (1960) (“the duty of this Court is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it”) (citation omitted). Thus, if the Supreme Court has expressly reserved a question, and we can resolve an appeal without addressing that question, principles of judicial restraint direct us to resolve the appeal on a different ground.
The majority recognizes that the Supreme Court has reserved whether sentencing courts should look to state judicial rulings interpreting the state’s criminal statutory law. Supra at 1244-45 (citing Descamps). The majority states that they are not answering that reserved question, but they do analyze decisions of the Delaware Supreme Court about the definition of “attempt” under Delaware law. Supra at 1244-45.
*1246 Regardless of whether the majority declares a “new” principle of law, supra at 1244 n. 4, in my view there is no need to even address the question the Supreme Court reserved. As the majority recognizes, where a defendant has been convicted of an attempt crime, the “crime of violence” sentencing enhancement can only be applied if “the defendant’s conviction establishes that he committed the elements of the generic definition of ‘attempt’ and that the underlying offense he attempted meets the generic definition of that offense.” United States v. Gomez-Hernandez, 680 F.3d 1171, 1175 (9th Cir.2012). Gonzalez’s underlying offense does not meet the generic definitions proposed by the government. Therefore, the district court improperly assessed the 16-level enhancement, and we should reverse the sentence without determining whether he committed the elements of the generic definition of attempt, which requires answering the question reserved by the Supreme Court in Descamps.
Gonzalez pleaded guilty to attempted rape in the fourth degree in Delaware in 2009. At the time of conviction, rape in the fourth degree was defined in the Delaware Criminal Code as occurring when a person:
(1)Intentionally engages in sexual intercourse with another person, and the victim has not yet reached that victim’s sixteenth birthday; or
(2) Intentionally engages in sexual intercourse with another person, and the victim has not yet reached that victim’s eighteenth birthday, and the person is 30 years of age or older, except that such intercourse shall not be unlawful if the victim and person are married at the time of such intercourse; or
(3) Intentionally engages in sexual penetration with another person under any of the following circumstances:
a. The sexual penetration occurs without the victim’s consent; or
b. The victim has not reached that victim’s sixteenth birthday; or
(4) Intentionally engages in sexual intercourse or sexual penetration with another person, and the victim has reached that victim’s sixteenth birthday but has not yet reached that victim’s eighteenth birthday and the defendant stands in a position of trust, authority or supervision over the child, or is an invitee or designee of a person who stands in a position of trust, authority or supervision over the child.
DeLCode Ann. tit. 11, § 770(a) (1998) (section 770). The government argues that Gonzalez was convicted of a “forcible sex offense” “where consent to the conduct is not given or is not legally valid,” or “statutory rape,” which are both specifically enumerated examples of crimes of violence in the Sentencing Guidelines. U.S.S.G. § 2L1.2 cmt. n.l(BXiii).[1] Under *1247 our recent precedent, it is clear that both arguments are untenable under either the categorical or modified categorical approaches.
The government argues that because Gonzalez’s victim was under the age of 16, she “was legally unable to give consent” under Delaware law, and under a plain reading of the Sentencing Guidelines, his sex offense conviction was forcible. As of the date of argument in this case, whether a sex crime where the victim could not consent due to age is necessarily a forcible sex offense remained an open question in this Circuit. Compare United States v. Banos-Mejia, 2013 WL 1613222, at *2 (9th Cir. Apr. 16, 2013) (unpub.) (a conviction for a sexual offense when the victim “is not legally competent to consent because of her age ... constitutes a ‘forcible sex offense’ and, therefore, it categorically qualifies as a ‘crime of violence’ ”), withdravm on denial of reh’g en banc, 2013 WL 4038591 (9th Cir. July 19, 2013) with United States v. Gonzalez-Aparicio, 663 F.3d 419, 437 n. 5 (9th Cir.2011) (Tashima, J., dissenting) (“But [the government’s] reading would render the term ‘statutory rape’ superfluous: if statutory rape crimes are ‘forcible sex offenses’ simply because the minor’s consent is invalid under state law, then why does the commentary list statutory rape separately?”)
This is no longer an open question. Not all convictions for sexual conduct with minors are “forcible sex offenses.” Caceres-Olla, 738 F.3d at 1056. The Sentencing Guidelines commentary lists three separate categories of sex crimes: “forcible sex offenses,” “statutory rape,” and “sexual abuse of a minor.” U.S.S.G. § 2L1.2 cmt. n.l(B)(iii). Sexual conduct with minors, regardless of whether the victim in fact consents, is a crime normally called “statutory rape.” Caceres-Olla, 738 F.3d at 1055. If all sex offenses based solely on the fact that the victim is unable to consent under law because of age are “forcible sex offenses,” the separately enumerated category of “statutory rape” in the Guidelines commentary would be superfluous. Id. at 1055-56. Thus, “[i]f all sex offenses “where consent ... is not legally valid’ on the basis of age are, by definition, ‘forcible,’ there would be no need to separately enumerate ‘statutory rape.’ ” Id. at 1056. We must interpret statutes to give effect to all provisions and not render any part surplussage. Id. Therefore, a sex offense against a minor is not automatically a “forcible sex offense,” because such crimes are usually called “statutory rape,” a separate category. A crime is only a “forcible sex offense” under the Sentencing Guidelines if the crime involves “actual compulsion.” Id. at 1057, quoting United States v. Rangel-Castaneda, 709 F.3d 373, 380 (4th Cir.2013).
At one point in its brief, the government suggests that the police report from Gonzalez’s arrest shows he actually compelled his victim. But the sentencing court could not consider the police report, because the report was not incorporated by reference in the plea agreement for Gonzalez’s conviction, nor stipulated to by Gonzalez’s attorney during the plea colloquy. See United States v. Almazan-Becerra, 537 F.3d 1094, 1098 (9th Cir.2008).
Further, the Delaware courts themselves call section 770 a law barring “statutory rape.”[2] See Pritchard v. State, 842 *1248 A.2d 1244, 2004 WL 249419, at *1 (Del. Feb. 4, 2004) (unpub.) (calling a crime under section 770 “statutory rape”); see also State v. Waters, 2008 WL 4382801, at *1 (Del.Supr.Ct. May 30, 2008) (calling offenses under section 770 “statutory rape”). Thus, Gonzalez’s conviction should not be considered a forcible sex offense.
There is nothing in the record properly subject to judicial notice to indicate that Gonzalez actually compelled his victim. The government has instead consistently argued his crime was a forcible sex offense solely because of the victim’s age. That argument is foreclosed by Caceres-Olla. Gonzalez was not convicted of a generic “forcible sex offense.”
The government alternatively argues that Gonzalez was convicted of generic “statutory rape.” The generic definition of that crime was somewhat unclear until recently, but we have now resolved any confusion. “Statutory rape” has four elements: “(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor.” United States v. Gomez, 732 F.3d 971, 988 (9th Cir.2013). In Gomez, we rejected the government’s argument that the generic definition does not include that four-year age differential. Id. at 988 n. 18.
As the government admits, Gonzalez’s prior conviction fell under either subsections 770(a)(1) or (a)(3). Neither subsection requires a four-year age differential between the defendant and victim, and both are therefore broader than the generic federal definition of statutory rape. Delaware does create an affirmative defense to a prosecution under section 770 if the defendant “is no more than 4 years older than the victim,” but that is an affirmative defense, not an element of the crime. Del. Code Ann. tit. 11, § 762. The sentencing court could not have concluded that Gonzalez was convicted of one of the elements of the generic offense of “statutory rape,” so Gonzalez was not convicted of such a crime.
There is no need to determine whether section 770 is divisible, because Gonzalez could not have been convicted of either a forcible sex offense or statutory rape under the Sentencing Guidelines, and thus did not commit a crime of violence under either the categorical or modified categorical approach.
Our recent decisions in Caceres-Olla and Gomez clearly foreclose the government’s arguments. Instead of looking to those decisions, which provide the “best and narrowest ground available,” the majority improperly answers an unnecessary question. See Air Courier Conf. of Am. v. Am. Postal Workers Union, AFL-CIO, 498 U.S. 517, 531, 111 S.Ct. 913, 112 L.Ed.2d 1125 (1991) (Stevens, J., concurring). On the basis of our recent precedent, rather than unnecessary resolution of the reserved issue stated in Descamps, I concur with the majority result that the district court erred in applying the 16-level crime of violence enhancement, and agree that we must reverse and remand for re-sentencing.

. The government argued before the district court that section 770 was a forcible sex offense, statutory rape, or sexual abuse of a minor. The district court applied the crime of violence enhancement, but did not clearly rule on which generic offense Gonzalez committed. In his opening brief, Gonzalez argued that his conviction does not match generic statutory rape or sexual abuse of a minor. The government failed to defend explicitly the district court on either ground in its answering brief, arguing only that Gonzalez was convicted of a forcible sex offense.
The government first argued that Gonzalez was convicted of generic statutory rape in a footnote in its letter response to our August 8, 2013 order requesting further briefing regarding Descamps.
The government’s failure to raise this argument in its answering brief may mean that it has been waived. See United States v. Caceres-Olla, 738 F.3d 1051, 1054 n. 1 (9th Cir.2013) ("The government did not respond to this argument [raised by the defendant], and so has waived reliance on that 'crime of *1247 violence’ variant”). I consider whether the Delaware statute is generic statutory rape for the sake of clarity. The government has never argued before this court that Gonzalez was convicted of sexual abuse of a minor, so that argument is clearly waived and I do not consider it.

. Unlike the majority, I cite to Delaware case law only to buttress my conclusion. As stated, “forcible sex offenses” do not include of *1248 fenses based solely on a victim’s age because of a simple interpretation of federal law, not state judicial rulings.