**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee*,

v.

ISRAEL ARNOLDO CACERES-OLLA,
        *Defendant-Appellant*.

</td><td>

No. 12-10132

D.C. No.
4:11-cr-02358-
DCB-DTF-1

OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued July 8, 2013
Submitted September 18, 2013
San Francisco, California

Filed December 23, 2013

Before: Ferdinand F. Fernandez, Richard A. Paez,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Berzon;
Concurrence by Judge Fernandez

## SUMMARY[*]

### Criminal Law

Vacating a sentence and remanding on a closed record for resentencing, the panel held that a prior felony conviction under Florida Statutes section 800.04(4)(a) for lewd or lascivious battery does not qualify as a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii) because the crime does not constitute a "forcible sex offense" or "statutory rape."

Judge Fernandez concurred in the result, but not in all of the reasoning of the majority opinion.

### COUNSEL

M. Edith Cunningham (argued) and Christopher R. Kilburn, Assistant Federal Public Defenders; Jon M. Sands, Federal Public Defender, Tucson, Arizona, for Defendant-Appellant.

Erica L. Seger (argued), Assistant United States Attorney; John S. Leonardo, United States Attorney; Christian M. Cabanillas, Appellate Chief, Tucson, Arizona, for Plaintiff-Appellee.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

BERZON, Circuit Judge:

Israel Arnoldo Caceres-Olla pleaded guilty, under 8 U.S.C. § 1326, to unlawful reentry into the United States. Sentences for that offense are governed by United States Sentencing Guideline ("Guideline") 2L1.2.  This case presents the question whether a prior felony conviction under Florida Statutes section 800.04(4)(a) for lewd or lascivious battery qualifies as a "crime of violence" for purposes of that Guideline.  We hold that it does not, because the crime does not constitute a "forcible sex offense" or "statutory rape" within the meaning of the applicable Guideline.  Because the district court concluded otherwise, we vacate Caceres-Olla's sentence and remand on a closed record for resentencing.

## I.

The base offense level for a violation of § 1326 is eight. *See* U.S.S.G. § 2L1.2(a).  If the defendant was previously deported after being convicted of a felony that constitutes a "crime of violence," the offense level goes up by sixteen levels. *Id*. § 2L1.2(b)(1)(A)(ii).

The presentence report ("PSR") concluded that Caceres-Olla's prior conviction for lewd or lascivious battery was a "forcible sex offense" and, consequently, qualified as a "crime of violence" under Guideline 2L1.2(b)(1)(A)(ii). Caceres-Olla objected, arguing that his prior conviction did not constitute a "forcible sex offense," because the Florida statute did not require a non-consensual act and the Guideline's reference to "consent . . . [deemed] not legally valid," U.S.S.G. 2L1.2 cmt. n.1(B)(iii), was not intended to

apply to statutes criminalizing sexual activity due only to the victim's age. The district court disagreed, applied the recommended enhancement, and sentenced Caceres-Olla to a 46-month prison term. Caceres-Olla timely appealed.

We review de novo the district court's decision that Caceres-Olla's prior conviction qualifies for a sentencing enhancement under Guideline 2L1.2(b). *See United States v. Marquez-Lobos*, 697 F.3d 759, 761 (9th Cir. 2012).

## II.

For the purpose of Guideline 2L1.2(b)(1)(A)(ii), a "crime of violence" is defined as

> any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)*, *statutory rape*, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added). Caceres-Olla was convicted under Florida law of "[l]ewd or lascivious battery," which prohibits "[e]ngag[ing] in sexual activity with a person 12 years of age or older but less than 16 years of

age." Fla. Stat. § 800.04(4)(a) (2008). The government contends that Caceres-Olla's conviction constitutes a "crime of violence" because it qualifies as either a "forcible sex offense" or "statutory rape."[1] We begin with the former.

## A.

To determine whether section 800.04(4) qualifies as a "crime of violence," we apply the framework set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *Taylor* established a "formal categorical approach," *id.* at 600, whereby sentencing courts "compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010) (citations and quotation marks omitted). "To constitute an 'element' of a crime, the particular factor in question needs to be 'a "constituent part" of the offense [that] must be proved by the prosecution *in every case* to sustain a conviction under a given statute.'" *United States v. Beltran-Munguia*, 489 F.3d 1042, 1045 (9th Cir. 2007) (citations omitted) (alteration and emphasis in original). If the statute of conviction "sweeps more broadly than the generic crime, a conviction under that law cannot count as [a qualifying] predicate, even if the defendant actually

---

[1] In his opening brief, Caceres-Olla maintains that his conviction did not constitute "sexual abuse of a minor," another enumerated "crime of violence" within Guideline 2L1.2(b)(1)(A), because section 800.04(4)(a) prohibits sexual conduct with minors of 14 years and older and does not require an element of "abuse." The government did not respond to this argument, and so has waived reliance on that "crime of violence" variant. *See United States v. Castillo-Marin*, 684 F.3d 914, 919 (9th Cir. 2012).

committed the offense in its generic form." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).[2]

> The Sentencing Guidelines were amended in 2008 to

>> include a more detailed description of the "forcible sex offenses" that would constitute crimes of violence. Rather than simply listing "forcible sex offenses" as a crime of violence, the new definition lists "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)."

*United States v. Espinoza-Morales*, 621 F.3d 1141, 1146 (9th Cir. 2010) (quoting U.S.S.G. § 2L1.2, cmt. n.1(B)(iii)). After explaining that "forcible sex offenses" include crimes in which there may be "'assent in fact but no legally valid consent . . . .'" U.S.S.G. app. C, amend. 722 (citations omitted), the Sentencing Commission cited three examples of scenarios drawn from past cases that the amendment was intended to address, including situations in which consent is procured by (1) threats "to reveal embarrassing secrets" or "fire a subordinate"; (2) coercion by a "public servant," "member of the clergy," or "mental health service provider";

---

[2] The Supreme Court has also "recognized a 'narrow range of cases' in which sentencing courts—applying . . . the 'modified categorical approach'—may look beyond the statutory elements to 'the charging paper and jury instructions'" to determine whether the defendant's conviction necessarily involved facts corresponding to the generic federal offense. *Id.* at 2283–84.

or (3) exploitation of a known "mental disease or defect" or "intoxication." *Id.* (citations omitted).

Under the amended Guidelines, a "forcible sex offense" thus requires a sexual act where "consent to the conduct": (1) "is not given"; or (2) "is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). A plain reading of Florida's "[l]ewd and lascivious battery" offense, Fla. Stat. § 800.04(4)(a), makes clear that lack of consent is not an "element" of the crime. As with statutory rape "[i]n most jurisdictions," section 800.04(4)(a) "is a strict liability crime." *United States v. Gomez-Mendez*, 486 F.3d 599, 604 (9th Cir. 2007). It criminalizes "[e]ngag[ing] in sexual activity with a person 12 years of age or older but less than 16 years of age," regardless of whether the victim, in fact, consents. Fla. Stat. §§ 800.04(2), (4)(a).

Caceres-Olla's conviction could only be a "forcible sex offense," therefore, if the victim's "consent . . . is [deemed] not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." U.S.S.G. 2L1.2 cmt. n.1(B)(iii). The government contends that section 800.04(4) is categorically a "forcible sex offense" under that provision, because consent is not a defense to the crime under Florida law. *See* Fla. Stat. § 800.04(2) ("Neither the victim's lack of chastity nor the victim's consent is a defense to the crimes proscribed by this section.").

We disagree for three reasons. First, the absence of a consent defense to statutory rape is analytically distinct from situations in which a victim's "consent . . . is [deemed] not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." U.S.S.G. 2L1.2 cmt.

n.1(B)(iii).   The three examples cited by the Sentencing Commission, *see infra* at pp. 6–7, involve instances in which the victim does not in fact have the state of mind of willing acquiescence — either because her consent is coerced, or because her actual state of mind is such that she is not capable of willingly consenting, as in the case of incompetence or intoxication.   We have acknowledged, however, that "the assumption that a minor's legal incapacity implies that the proscribed sexual intercourse is non-consensual" does not always "hold true[.]" *Valencia v. Gonzales*, 439 F.3d 1046, 1051 (9th Cir. 2006).   Some minors are "able to engage in sexual intercourse voluntarily, despite being legally incapable of consent." *Id.*   In other words, because statutory rape is a strict liability crime, the minor's actual state of mind does not matter, nor does the minor's actual capacity for mature deliberation.

Application of the familiar *ejusdem generis* canon suggests that the general term "consent . . . not legally valid," U.S.S.G. 2L1.2 cmt. n.1(B)(iii), should be "construed to embrace only [circumstances] similar in nature to those [circumstances] enumerated" in the phrase that follows, *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114–15 (2001) (citation and quotation marks omitted).   A state statute that for policy reasons treats a minor's consent as irrelevant does not necessarily render that minor's conduct similar to conduct that is "involuntary, incompetent, or coerced[,]" all of which depend on the specific circumstances of the crime and the victim.   Instead, statutory rape offenses outlaw conduct based on the minor's age alone; however voluntary and competent the minor, her consent will not be a defense to the crime.

Second, reading "forcible sex offenses" to encompass a conviction under section 800.04(4) on the theory that the victim's consent is "involuntary" or "incompetent" by virtue of a statute criminalizing sexual activity on the basis of the victim's age would render superfluous the inclusion of "statutory rape" and "sexual abuse of a minor" as other enumerated offenses constituting "crime[s] of violence." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

"The term 'statutory rape' is ordinarily, contemporarily, and commonly understood to mean the unlawful sexual intercourse with a minor under the age of consent specified by state statute." *Gomez-Mendez*, 486 F.3d at 603. If all sex offenses "where consent . . . is not legally valid" on the basis of age are, by definition, "forcible," there would be no need to separately enumerate "statutory rape." *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The same would be true of "sexual abuse of a minor," whereby "we define the term 'abuse' . . . in light of the age of the victim in question," *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009), and have held that "[s]exual conduct with younger children is per se abusive[,]" *Valencia-Barragan*, 608 F.3d at 1107.

"A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009) (citations and quotation marks omitted). This "basic interpretive canon[ ,]" *id.*, applies to the Sentencing Guidelines. *See United States v. Wenner*, 351 F.3d 969, 974–75 (9th Cir. 2003). Yet, when asked at argument, the government could identify no circumstance in which a "statutory rape" would not *also* be a "forcible sex offense" under its interpretation. Nor can we. "It is our duty to give effect, if possible, to every clause and word of a

statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (citations and quotation marks omitted). We are "reluctan[t] to treat . . . as surplusage," *id.*, the Guidelines' enumeration of statutory rape and sexual abuse of a minor as separate crimes of violence.

Third, deeming as "forcible sex offenses" all sexual acts with persons under the age of majority would ignore contemporary limitations on the concept of statutory rape. In particular, there has been a move among the states to reform statutory rape laws in cases involving partners of a similar age — for instance, foreclosing prosecutions of 16-year-olds for heavy petting with 14-year-olds, or reducing sentences of 19-year-olds for sexual intercourse with 17-year-olds. *See, e.g.*, Charles A. Phipps, *Misdirected Reform: On Regulating Consensual Sexual Activity Between Teenagers*, 12 Cornell J.L. & Pub. Pol'y 373, 390–91 (2003). In recognition of this growing consensus, we have held that, for federal purposes, an age difference of at least four years is an element of "sexual abuse of a minor," *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1158 (9th Cir. 2008) (en banc), and of "statutory rape" as well, *United States v. Gomez*, 732 F.3d 971, 988–89 (9th Cir. 2013).

Reading the term "forcible sex offenses" — which requires no age difference — to encompass all sexual conduct with minors, would obliterate those limitations. A so-called "Romeo-and-Juliet offender[ ,]" *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 503 (6th Cir. 2007), could be deemed to have been convicted of a "forcible sex offense" by virtue of the victim's age, despite being expressly and intentionally excluded from the generic federal definitions of "statutory rape" and "sexual abuse of a minor."

For these reasons, we hold that a conviction under section 800.04(4) is not categorically a "forcible sex offense."

Our interpretation accords with that of the Fourth Circuit, which recently addressed this issue in *United States v. Rangel-Castaneda*, 709 F.3d 373, 376 (4th Cir. 2013) (concerning Tennessee's prohibition on "sexual penetration . . . when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least ten (10) years older than the victim."). "Reading the various portions of the crime-of-violence enhancement in context," the Fourth Circuit concluded that "the Sentencing Commission purposely juxtaposed the neighboring terms 'forcible sex offense[ ]' and 'statutory rape,' with the former intended to connote rape or other qualifying conduct by compulsion and the latter intended to connote rape on account of the victim's age." *Id.* at 380. Further, the "Guidelines' reference . . . to consent that is 'not legally valid' by virtue of being 'involuntary, incompetent, or coerced' was intended simply to clarify that the requisite compulsion need not be physical in nature." *Id.* (citing U.S.S.G. app. C, amend. 722, at 302–03). Thus, "the fact that Tennessee law renders the consent of a statutory rape victim formally irrelevant does not mean that the offense necessarily requires sexual conduct that is 'forcible' . . .—that is, involving actual compulsion." *Id.*

Judge Tashima expressed a similar view in *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 437 n.5 (9th Cir. 2011) (Tashima, J., dissenting) (concerning Arizona's statute which criminalizes "sexual intercourse or oral sexual contact with

any person who is under eighteen years of age").[3]
Responding to the same argument advanced by the
government here, Judge Tashima asked: "if statutory rape
crimes are 'forcible sex offenses' simply because the minor's
consent is invalid under state law, then why does the
commentary list statutory rape separately?"  *Id.*     He
concluded that "[t]he parenthetical language" describing
invalid consent "does not target statutory rape[,]" because
such a reading "*would* render the term 'statutory rape'
superfluous." *Id.* (emphasis in original).

A conviction under section 800.04(4) is not categorically
a "forcible sex offense."  Nor is section 800.04(4) a "divisible
statute" with respect to the element of consent, for which the
modified categorical approach may be of "assist[ance] . . . in
identifying the defendant's crime of conviction." *Descamps*,
133 S. Ct. at 2285, 88.

We therefore proceed to consider the government's
alternative argument.

**B.**

Caceres-Olla's prior conviction does not qualify as a
"crime of violence" under Guideline 2L1.2(b)(1)(A)'s
"statutory rape" alternative.  *Gomez*, 732 F.3d 988, held that
the generic definition of "statutory rape" includes "'an age
difference of at least four years between the defendant and the

---

[3] The *Gonzalez-Aparicio* majority held that defendant's conviction
constituted "statutory rape" under the Guidelines, and thus did not reach
the question, addressed in Judge Tashima's dissent, whether the
conviction separately constituted a "forcible sex offense." *Id.* at 433 &
n.4.

minor.'"  Section 800.04(4) does not have an age difference element.  A conviction under section 800.04(4) is therefore not categorically "statutory rape."  "Because the statute is missing an element of the[] generic crime[], our inquiry ends here—we do not undertake a modified categorical analysis." *Id.* at 989.

## III.

"As a general rule, when the district court errs in sentencing, we should vacate and 'remand for re-sentencing on an open record — that is, without limitation on the evidence that the district court may consider.'" *Espinoza-Morales*, 621 F.3d at 1152 (quoting *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc)). "We may depart from this general rule, however, when 'additional evidence would not [change] the outcome' or when 'there was a failure of proof after a full inquiry into the factual question at issue.'"  *Id.* (alteration in original).

The government conceded at oral argument that it produced all available judicially noticeable facts to support its position that Caceres-Olla's conviction constituted a "crime of violence."  We therefore remand for resentencing on the existing record.

**VACATED AND REMANDED.**

FERNANDEZ, Circuit Judge, concurring:

I concur in the result, but not in all of the reasoning of the majority opinion.  I concur in part I and in the portion of part

II before IIA First.  As to part IIA First (majority opinion at pages 7 to 8), I do not agree.  The guideline definition indicates that it applies to forcible sex offenses, which include those where "consent . . . is not legally valid."  USSG §2L1.2, comment. (n.1(B)(iii)) (Nov. 2011).  We have declared that minors are "legally incapable of consent." *Valencia v. Gonzales*, 439 F.3d 1046, 1051 (9th Cir. 2006); *see also Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1154 (9th Cir. 2008) (en banc).  As I see it, if a child is "legally incapable of consent," that child's "consent . . . is not legally valid," and no amount of judicial sortilege will make it so.

That said, I do agree with the discussion in parts IIA Second (majority opinion at pages 9 to 10, insofar as it discusses statutory rape) and Third (majority opinion at page 10).  Moreover, I agree with part IIB.  *See United States v. Gomez*, 732 F.3d 971, 987–89 (9th Cir. 2013).  Finally, because the government has conceded that it has no more evidence to produce, I agree with part III.

Thus, I respectfully concur in the result.