**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10579 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01097-DCB-GEE-1 |
| v. | |
| JUAN DAVID RIVERA-REYES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted January 14, 2014
San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE,[**] Senior District Judge.

Juan David Rivera-Reyes appeals his sentence following a plea of guilty to a

violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Raymond J. Dearie, Senior United States District Judge for the Eastern District of New York, sitting by designation.

and 18 U.S.C. § 3742. Reviewing de novo, *United States v. Johnson*, 581 F.3d 994, 1001 (9th Cir. 2009), we vacate and remand for resentencing.

1.      The district court improperly imposed a sixteen-level enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2 based on Rivera-Reyes's conviction of Nebraska Revised Statutes section 28-319(1)(c), which does not require as an element a four-year age differential.[1] Therefore, for purposes of section 2L1.2, Nebraska Revised Statutes section 28-319(1)(c) does not categorically qualify as a forcible sex offense, statutory rape, sexual abuse of a minor, or otherwise as a crime of violence. *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *United States v. Caceres-Olla*, No. 12-10132, -- F.3d --, 2013 WL 6847127, at *5 (9th Cir. Dec. 23, 2013); *United States v. Gomez*, 732 F.3d 971, 989 n.18 (9th Cir. 2013) ("[T]he generic definition of 'statutory rape' does . . . include the element of a four-year age differential."); *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1158 (9th Cir. 2008) (en banc). The district court's error was not harmless. *See Gomez*, 732 F.3d at 990.

---

[1] Because the parties agree that Rivera-Reyes was convicted of subsection (c) of Nebraska Revised Statutes section 28-319(1), we need not conduct a modified categorical analysis. *See Descamps v. United States*, -- U.S. --, 133 S. Ct. 2276 (2013).

2. In light of the November 2013 amendment to U.S.S.G. § 3E1.1, and because the government declined to move for a third-level reduction based on Rivera-Reyes's failure to waive his right to appeal, the government concedes that Rivera-Reyes must be resentenced with respect to his acceptance of responsibility.

**VACATED and REMANDED.**