
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10150 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00727-JGZ-BGM-1 |
| v. | |
| EDUARDO PENALOZA-CARLON, AKA Eduarto Carlon Penaloza, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted April 7, 2014[**]

Before: McKEOWN and M. SMITH, Circuit Judges, and ROBART, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James L. Robart, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

Eduardo Penaloza-Carlon appeals from his sentence for illegal reentry, in violation of 8 U.S.C. § 1326. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm in part, vacate in part, and remand for resentencing on a closed record.

The district court did not err in rejecting an adjustment for acceptance of responsibility. The court correctly noted that Penaloza-Carlon's refusal to plead guilty "doesn't preclude the Court from considering a reduction," and the court's conclusion that Penaloza-Carlon has not accepted responsibility is entitled to deference on appeal. *See United States v. Scrivener*, 189 F.3d 944, 948 (9th Cir. 1999).

However, the district court erred in applying a sentencing enhancement under U.S.S.G. § 2L1.2(b).[1] At the time of sentencing, the district court did not have the benefit of our recent decision in *United States v. Caceres-Olla*, 738 F.3d 1051 (9th Cir. 2013). Under *Caceres-Olla*, Penaloza-Carlon's predicate Oregon conviction for rape in the third degree is not categorically a forcible sex offense, because the relevant Oregon statute, O.R.S. § 163.355, criminalizes sexual conduct

---

[1] As the parties agree, the judgment incorrectly indicates that Penaloza-Carlon's sentence was enhanced under 8 U.S.C. § 1326(b)(2), rather than under § 1326(b)(1).

based entirely on age.  *See Caceres-Olla*, 738 F.3d at 1054–56.  Further, Penaloza-Carlon's predicate conviction does not constitute "statutory rape" under the applicable Guideline, because the Oregon statute "does not have an age difference element."  *Id.* at 1057.  And the government has waived any argument that the conviction constitutes sexual abuse of a minor.  *Id.* at1054 n.1.

In view of this disposition, we need not reach the remaining issues argued by the parties.  Because Penaloza-Carlon has been incarcerated for a longer period of time than the Guidelines would have provided absent the improper enhancement, we respectfully urge the district court to resentence Penaloza-Carlon expeditiously.  The mandate shall issue forthwith.

**AFFIRMED in part, VACATED in part, and REMANDED**