**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10028 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01082-DCB-BGM-1 |
| v. | |
| JOSE SALVADOR DIAZ-BENITEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 10, 2014
San Francisco, California

Before: WALLACE, McKEOWN, and GOULD, Circuit Judges.

Defendant-Appellant Jose Diaz-Benitez appeals his 46-month sentence for

illegal reentry after deportation in violation of 8 U.S.C. § 1326. Diaz-Benitez

challenges the district court's application of a 16-level enhancement under U.S.

Sentencing Guidelines Manual § 2L1.2(b)(1)(A). Because Diaz-Benitez's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

argument on appeal materially differs from his argument at sentencing, we review for plain error. *See United States v. De La Fuente*, 353 F.3d 766, 769 & n.1 (9th Cir. 2003); *see also United States v. Olano*, 507 U.S. 725, 731-32 (1993). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Diaz-Benitez contends that his prior crime of conviction—third-degree child molestation in Washington—is not categorically a "crime of violence" for purposes of the Sentencing Guidelines, and that the district court violated *Taylor v. United States*, 495 U.S. 575 (1990), by using it to enhance his sentence. *See* Wash. Rev. Code § 9A.44.089; U.S.S.G. § 2L1.2(b)(1)(A).

The Sentencing Guidelines define a "crime of violence" as a "forcible sex offense[] (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor . . . or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Third-degree child molestation in Washington is not a "forcible sex offense[]" because it does not require lack of consent or compulsion, physical or otherwise. *See United States v. Caceres-Olla*, 738 F.3d 1051, 1054-57 (9th Cir. 2013); *see also* Wash. Rev. Code § 9A.44.089. Nor does it qualify as a "crime of

2

violence" under any other definition provided by the Sentencing Guidelines. *See*

*United States v. Medina-Villa*, 567 F.3d 507, 514-16 (9th Cir. 2009) (statutory

rape); *see also United States v. Gomez*, 732 F.3d 971, 989 (9th Cir. 2013) (sexual

abuse of a minor); *United States v. Espinoza-Morales*, 621 F.3d 1141, 1145 & n.4

(9th Cir. 2010) (any other offense that has as an element the use, attempted use, or

threatened use of physical force against the person of another).[1]

The district court's conclusion that Diaz-Benitez's predicate crime of

conviction qualified as a "crime of violence" may not have been plain error at the

time of the district court's decision. But whether a particular error is "plain," the

United States Supreme Court has told us, is judged not on the law at the time of

trial or sentencing, but on the law at the time of appellate review. *See Henderson

v. United States*, 133 S. Ct. 1121, 1127 (2013). Under our law now, third-degree

child molestation in Washington is not categorically a "crime of violence" for

purposes of U.S.S.G. § 2L1.2(b)(1)(A). *See Caceres-Olla*, 738 F.3d at 1054-57.

Because *United States v. Caceres-Olla*'s reasoning is persuasive on this point, we

must hold that the district court's conclusion to the contrary was error. And

---

[1] Because Washington's third-degree child molestation statute is indivisible, the modified categorical approach is inapplicable, and the underlying facts of Diaz-Benitez's prior conviction are irrelevant. *See Descamps v. United States*, 133 S. Ct. 2276, 2281-83 (2013); *see also* Wash. Rev. Code § 9A.44.089.

because application of the 16-level enhancement "may have led to a sentence that was . . . longer than necessary," *see United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013), the district court's error was plain. *See United States v. Castillo-Marin*, 684 F.3d 914, 918 (9th Cir. 2012); *see also Olano*, 507 U.S. at 734. The district court on remand should sentence Diaz-Benitez without the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

**VACATED AND REMANDED.**