**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10049 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-03833-CKJ-BPV-1 |
| v. | |
| DOMITILO MIRANDA-HERRERA, AKA Luis Miranda-Herrera, AKA Domitilo Mirando-Herrera, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted April 8, 2014
San Francisco, California

Before: NOONAN, NGUYEN, and WATFORD, Circuit Judges.

Domitilo Miranda-Herrera ("Miranda-Herrera") challenges the district

court's application of a sixteen-level sentencing enhancement based on his prior

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

conviction under Minnesota Statutes § 609.343(1)(b). We vacate Miranda-Herrera's sentence and remand for resentencing.

1. We review Miranda-Herrera's sentencing challenge de novo. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 746 (9th Cir. 2011). Although plain error review is generally appropriate where a party—like Miranda-Herrera—failed to object to the application of a sentencing enhancement before the district court, *see United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010), "we are not limited to this standard of review when we are presented with a question that 'is purely one of law' and where 'the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court,'" *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009) (quoting *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267–68 (9th Cir. 2001)). The issue raised by Miranda-Herrera involves a pure question of law—whether a conviction under § 609.343(1)(b) constitutes a "crime of violence" under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)—"and the government, which has fully briefed the issue, suffers no prejudice." *Saavedra-Velazquez*, 578 F.3d at 1106.

2. The district court properly applied the modified categorical approach. Under § 609.343(1), an individual may be convicted of criminal sexual conduct in the second degree if any one of eight separate sets of circumstances (listed in

2

subsections (a) through (h)) is found to exist. The statute thus "lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.'" *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013) (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)) (alteration in original). The district court therefore correctly employed the modified categorical approach "to find out which [alternative crime] the defendant was convicted of." *Id.* Moreover, both parties agree that Miranda-Herrera specifically pleaded guilty to violating § 609.343(1)(b).

3. A conviction under § 609.343(1)(b) does not categorically constitute a forcible sex offense. Under the U.S. Sentencing Guidelines, a forcible sex offense "requires a sexual act where 'consent to the conduct': (1) 'is not given'; or (2) 'is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced.'" *United States v. Caceres-Olla*, 738 F.3d 1051, 1054–55 (9th Cir. 2013) (quoting U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii)). Under § 609.343(1)(b), however, "consent to the act by the complainant is [not] a defense." Because lack of actual or legally valid consent is not an element of § 609.343(1)(b)—rather, any proffered consent is irrelevant—the statute sweeps more broadly than the generic federal crime of forcible sex offense. *See Caceres-Olla*, 738 F.3d at 1055 (rejecting the government's reliance on the fact

3

that, under Florida Statutes § 800.04(4)(a), "consent is not a defense to the crime" for purposes of considering the generic federal crime of forcible sex offense).

The government attempts to distinguish *Caceres-Olla*, arguing that § 609.343(1)(b) effectively includes lack of consent as an element of the offense because "the immaturity of the victim combined with the 'position of authority' of the defendant over the victim" necessarily renders any consent on the part of the victim "involuntary, incompetent or coerced." We disagree. First, reliance on a victim's immaturity "on the theory that the victim's consent is 'involuntary' or 'incompetent' [due to] the victim's age would render superfluous the [U.S. Sentencing Guidelines'] inclusion of 'statutory rape' and 'sexual abuse of a minor' as other enumerated offenses constituting 'crime[s] of violence.'" *Id.* (quoting U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii)) (first and second alterations added, third alteration in original). Second, even in the context of victims between the ages of thirteen and sixteen, § 609.343(1)(b)'s requirement that the actor be "in a position of authority over the complainant" does not per se render any proffered consent by the victim "involuntary, incompetent or coerced." Section 609.343(1)(b) only requires that the actor be "*in* a position of authority" at the time of the sexual contact, and not that the actor abuse, rely on, or leverage his or her position of authority. Consequently, we cannot say that, as a categorical

4

matter, § 609.343(1)(b) only encompasses situations where a "victim does not in fact have the state of mind of willing acquiescence." *Caceres-Olla*, 738 F.3d at 1055.

4.       A conviction under § 609.343(1)(b) also does not categorically constitute sexual abuse of a minor.  The statute does not qualify under the test articulated in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), as it lacks the element of a "sexual act," as defined in 18 U.S.C. § 2246(2). *See United States v. Castro*, 607 F.3d 566, 569–70 (9th Cir. 2010).  Under 18 U.S.C. § 2246(2), a "'sexual act' requires, at a minimum, an intentional touching, not through the clothing, of a minor's genitalia."  *Id.* at 570.  For purposes of § 609.343(1)(b), however, the requirement of "sexual contact" can be met through the intentional "touching of the clothing covering the immediate area of the intimate parts" of the complainant.  *See* Minn. Stat. § 609.341(11)(a)(iv).

Neither does the statute qualify under the test articulated in *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999), as it lacks the element of abuse. *See Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1013–14 (9th Cir. 2009).  We are unpersuaded by the government's argument that "[a] sexual offense involving a minor victim committed by someone in a position of authority constitutes 'abuse'" for purposes of the generic federal crime of sexual abuse of a minor under

*Baron-Medina*.  Given the expansive definitions of "position of authority" and "sexual contact" under Minnesota law, *see* Minn. Stat. § 609.341(10), (11), we cannot say that "physical or psychological harm in light of the age of the victim in question" will result in all cases, *Pelayo-Garcia*, 589 F.3d at 1014 (quoting *Estrada-Espinoza*, 546 F.3d at 513).

5.      The district court's erroneous application of the sixteen-level sentencing enhancement was not harmless.  *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011) (per curiam) (finding no harmlessness where, "had the district court started with the correct Guidelines range of 24 to 30 months, rather than 33 to 41 months, it may have arrived at a different sentence"); *see also id*. at 1030 n.5.

**VACATED AND REMANDED.**