

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10043 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00648-CKJ-BGM-1 |
| v. | |
| VICTOR MANUEL ALBA-SUAREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted May 11, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, and BENAVIDES[***] and OWENS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Defendant Victor Manuel Alba-Suarez challenges the district court's application of a 16-level sentencing enhancement based on his prior conviction of sexual battery by restraint in violation of California Penal Code § 243.4(a). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(1). We review de novo the district court's determination that a prior conviction qualifies as a "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A). *United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009). We affirm.

## I

Courts apply the categorical approach set forth in *Taylor v. United States* to determine whether a prior conviction qualifies as a forcible sex offense and therefore a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A). 495 U.S. 575, 600 (1990). Under this approach, "sentencing courts compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *United States v. Caceres-Olla*, 738 F.3d 1051, 1054 (9th Cir. 2013) (internal quotation marks omitted). "If the statute of conviction 'sweeps more broadly than the generic crime, a conviction under that law cannot count as [a qualifying] predicate, even if the defendant actually committed the offense in its generic

form.'" *Id.* (alteration in original) (quoting *Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 2283 (2013)).

Under California Penal Code § 243.4(a), "Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery." "Touches" is defined as "physical contact with the skin of another person whether accomplished directly or through the clothing of the person committing the offense." Cal. Pen. Code § 243.4(f). "Intimate part" is defined as the "sexual organ, anus, groin, or buttocks of any person, and the breast of a female." *Id.* § 243.4(g)(1).

United States Sentencing Guideline § 2L1.2(a) provides for an 8-level sentence enhancement for unlawfully entering or remaining in the United States. The Guideline provides for a 16-level enhancement if the defendant previously was deported after being convicted of a "a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Guideline defines "crime of violence" to include "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)." U.S.S.G. § 2L1.2, comment n.1(B)(iii).

3

California Penal Code § 243.4(a) qualifies as a forcible sex offense under the categorical approach. "Sexual offense" is defined according to the ordinary meaning of the term. *See United States v. Quintero-Junco*, 754 F.3d 746, 754 n.2 (9th Cir. 2014) ("[W]e have previously cited Black's Law Dictionary for the proposition that 'a sexual offense involv[es] unlawful sexual conduct.' Similarly, 42 U.S.C. § 16911(5)(A)(i) defines 'sex offense' as 'a criminal offense that has an element involving a sexual act or sexual contact with another.'") (alteration in original) (some internal quotation marks and citation omitted). An offense that involves the "touch[ing of] an intimate part of another" against the person's will and "for the purpose of sexual arousal, sexual gratification, or sexual abuse" qualifies as a "sex offense" under U.S.S.G. § 2L1.2.

An offense committed in violation of California Penal Code § 243.4(a) is also "forcible." A conviction under California Penal Code § 243.4(a) requires that the defendant touch the victim's intimate parts "against the will of" the victim. Cal. Pen. Code § 243.4. Under California law, "against the will" is defined as "without the victim's consent." *People v. Smith*, 120 Cal. Rptr. 3d 52, 58 (Ct. App. 2010) ("[T]he phrase 'against the will of the person touched' connotes lack of consent."). Under the Guidelines, the category of "forcible sex offenses" includes offenses in which "consent to the conduct is not given or is not legally valid, such

4

as where consent to the conduct is involuntary, incompetent, or coerced." U.S.S.G. § 2L1.2, comment n.1(B)(iii).

Therefore, the district court correctly imposed the sentencing enhancement.

## II

Alba-Suarez argues that his statute of conviction is overbroad because the term "sexual act," as defined by federal law in 18 U.S.C. § 2246(2), is narrower than California Penal Code § 243.4(a). He argues that the Court articulated a generic definition of "forcible sex offense" in *Caceres-Olla* when it stated that a forcible sex offense "requires a sexual act where 'consent to the conduct': (1) 'is not given'; or (2) 'is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." 738 F.3d at 1054-55. He further argues that "sexual act" is a term of art defined in the federal criminal code and therefore we are required to compare the scope of the federal definition of "sexual act" with the scope of the state sexual battery offense.

This argument is not persuasive. The phrase "sexual act" never appears in the Guidelines. The Guidelines do not suggest that a forcible sex offense pursuant to § 2L1.2 must qualify as a "sexual act" under federal law. Our precedent suggests that "sexual offense" should be defined according to the ordinary meaning

5

of the term. *See Quintero-Junco*, 754 F.3d at 754 n.2; *United States v. Acosta-Chavez*, 727 F.3d 903, 908 (9th Cir. 2013).

Alba-Suarez also argues that California Penal Code § 243.4(a) is broader than the generic federal definition because the "against the [victim's] will" element may be established solely on the basis of the victim's status as a minor.

This argument is also unavailing. California case law suggests that an individual may not be convicted of a violation of § 243.4(a) based solely on the victim's status as a minor. A state appeals court has held that for a similar state sexual assault statute—section 261,which criminalizes sexual intercourse against a person's will—the question of whether a minor has the capacity to consent is a matter of fact, not law; the trier of fact must determine whether the minor actually consented. *People v. Young*, 235 Cal. Rptr. 361 (Ct. App. 1987). In *Young*, the defendant was convicted of forcible rape of a 6-year-old child in violation of § 261. He challenged the sufficiency of the evidence for his conviction. 235 Cal. Rptr. at 363. The Court explained:

> Where, as here, the alleged victim is a child below the age of legal consent, whether the child has the capacity to 'consent' to an act of sexual intercourse within the meaning of section 261.6 will usually be a question of fact. When it is charged that an act is against the will of a person, 'consent is at issue.' (People v. White (1986) 179 Cal.App.3d 193, 202 [224 Cal.Rptr. 467].) It will be for the trier of fact to determine, based upon the age and maturity of the child and the

circumstances as shown by the evidence in a particular case, whether the child is capable of 'positive cooperation in act or attitude pursuant to an exercise of free will' or able to 'act freely and voluntarily' with 'knowledge of the nature of the act or transaction involved.'

*Id.* at 366.

Criminal jury instructions for California Penal Code § 243.4 provide a definition of "consent" that is nearly identical to the statutory definition provided in § 261.6. The jury instructions provide: "A touching is done *against a person's will* if that person does not *consent* to it. To consent, a person must act freely and voluntarily and know the nature of the touching." Judicial Council of California Criminal Jury Instructions (CALCRIM) 935; ER II at 6. State courts appear to have endorsed the definition of consent articulated in the instructions. *See, e.g.*, *People v. Babaali*, 90 Cal. Rptr. 3d 278, 287 (Ct. App. 2009) ("In the context of a sexual assault, 'against the will' of the victim is synonymous with 'without the victim's consent.' Consequently, CALCRIM No. 938, the pattern instruction for sexual battery (§ 243.4, subd. (e)(1)), defines 'against a person's will' as the 'person does not consent to the act.' A defendant therefore commits a sexual battery if he engages in an intimate non-consensual touching.") (some internal quotation marks and citation omitted).

7

*Caceres-Olla*, on which Alba-Suarez relies, is distinguishable. We emphasized in *Caceres-Olla* that "a plain reading" of the Florida statutory rape statute "makes clear that lack of consent is not an 'element' of the crime," because "[a]s with statutory rape [i]n most jurisdictions, [the Florida statute] is a strict liability crime" and criminalizes sexual activity with a minor "regardless of whether the victim, in fact, consents." 738 F.3d at 1055 (second alteration in original) (some internal quotation marks omitted). We reasoned that a "state statute that for policy reasons treats a minor's consent as irrelevant does not necessarily render that minor's conduct similar to conduct that is 'involuntary, incompetent, or coerced[,]' all of which depend on the specific circumstances of the crime and the victim." *Id.* (alteration in original).

Rather, "statutory rape offenses outlaw conduct based on the minor's age alone; however voluntary and competent the minor, her consent will not be a defense to the crime." *Id.* *Caceres-Olla* held that a statute is overbroad if age alone, without regard for consent, is sufficient to support a conviction; it did not hold that a statute is overbroad if a victim's immaturity is one factor considered when determining whether a victim actually consented.

Here, consent is an element of § 243.4(a), and a showing of consent or an honest and reasonable belief of consent is a defense to the crime. *People v.*

8

*Andrews*, 184 Cal. Rptr. 3d 183, 194 (Ct. App. 2015) ("[T]he defense of a mistaken but honest and reasonable belief of the victim's consent is available to defendants charged with sexual battery where there is substantial evidence to support the defense and it is not inconsistent with the defendant's theory of the case."). Unlike the strict liability statutory rape offense at issue in *Caceres-Olla*, § 243.4(a) provides that a competent minor who "act[s] freely and voluntarily and know[s] the nature of the touching" is capable of consenting. *See, e.g.*, *People v. Abdoun*, No. A106828, 2005 WL 913663, at \*5 n.10 (Ct. App. Apr. 20, 2005) (unpublished) (noting that during a trial that resulted in the defendant's conviction of misdemeanor sexual battery against a 15-year-old victim, "[t]he jury was instructed that the victim's consent was an available defense to the sexual battery charged").

The relevant consideration is not the victim's age, but the victim's actual consent; the court must consider "the specific circumstances of the crime and the victim." *Caceres-Olla*, 738 F.3d at 1055. A violation of § 243.4(a) is a "forcible sex offense," and therefore a crime of violence pursuant to U.S.S.G. § 2L1.2. The district court did not err by imposing a 16-level sentencing enhancement.

**AFFIRMED.**