FILED

NOT FOR PUBLICATION

JUN 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | 15-10174 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00871-RM-DTF-1 |
| v. | |
| EDUARDO VALDEZ-SANTANA, AKA Eduardo Santana Valdez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted June 7, 2016**
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges, and GARBIS, Senior
District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).
\*\*\* The Honorable Marvin J. Garbis, Senior United States District Judge
for the District of Maryland, sitting by designation.

Eduardo Valdez-Santana appeals from his sentence for illegal reentry, in violation of 8 U.S.C. § 1326. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We vacate and remand for resentencing on a closed record.

The district court — not having been put on notice of the issue by an objection — committed plain error by applying a sentencing enhancement under U.S.S.G. § 2L1.2(B). Under this Court's decision in *United States v. Caceres-Olla*, 738 F.3d 1051 (9th Cir. 2013), Valdez-Santana's predicate Oregon convictions for rape in the third degree and sodomy in the third degree are not categorically "forcible sex offenses," because the relevant Oregon statutes — O.R.S. § 163.355 and O.R.S. § 163.385 — criminalize sexual conduct based entirely on the age of the victim. *See Caceres-Olla*, 738 F.3d at 1054–56. Similarly, Valdez-Santana's predicate convictions do not constitute "statutory rape" under the applicable Guideline because the Oregon statutes "do[] not have an age difference element." *Id.* at 1057. Finally, the predicate convictions do not constitute "sexual abuse of a minor" because they lack both an age difference element and an abuse element, and thus "sweep more broadly" than either federal definition of "sexual abuse of a

minor." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *see also United States v. Castro*, 607 F.3d 566, 568 (9th Cir. 2010) (recognizing two federal definitions of "sexual abuse of a minor").

Because Valdez-Santana has been incarcerated for a longer period of time than the Guidelines would have provided absent the improper enhancement, we respectfully urge the district court to resentence Valdez-Santana expeditiously. The mandate shall issue forthwith.

**VACATED and REMANDED.**